### CHRISTOPHER WOLFE & *al. versus* WILLIAM DORR.

A mortgage of personal property may be valid, although the property is described therein, but as " said store (standing on land of another) and all the goods, wares and merchandize in and about the same."

And a description of the property by an officer, as the debtor's right of redeeming the property conveyed by that mortgage is sufficient to constitute an attachment thereof.

When it is intended that the testimony of a witness should be considered as discredited and destroyed, in a suit at law, the case should be presented to a jury, and not to the Court, for decision.

Under the statute of 1835, c. 188, where the debtor's right to redeem personal property mortgaged was subject to be attached on mesne process, the officer could not take actual possession of the property, and withhold it from the mortgagee or his agent, without making payment or tender of the amount due upon the mortgage; nor does the language used in the Revised Statutes on this subject give the officer any additional rights.

The burden of proof is upon the plaintiff, in an action against an officer for neglecting to attach an article of personal property upon a writ, to show that he has suffered damage by such neglect. The Court cannot infer it without proof.

THE whole evidence at the trial before TENNEY J. was reported, and the Court was authorized by the parties to draw such inferences therefrom as a jury would be authorized to do, and to render such judgment as the law would require, or make such other disposition thereof, as should preserve the legal rights of the parties.

All the facts necessary to perceive the application of the principles of law involved in the case, appear at the commencement of the opinion of the Court.

*Vose,* for the plaintiffs, contended that the mortgages on the property afforded no excuse to the officer, because those mortgages were void against attaching creditors, such as the plaintiffs, for various causes, of which were, that there was no inventory of the goods in the mortgage, or in any schedule annexed thereto, and contained no statement of the value. *Bullock* v. *Williams,* 16 Pick. 33 ; *Sawyer* v. *Pennell,* 19 Maine R. 173. The equity of redemption of these goods was subject to attachment. But no officer could attach it, as there was no inventory, schedule or valuation of the goods, mortgaged. *Baxter* v. *Rice,* 21 Pick. 199.

The Court are authorized to draw the same inferences that a jury might fairly do. The counsel here argued, that on the facts reported, the mortgages were fraudulent as to creditors. And it was also contended, as matter of fact, that there was no satisfactory evidence, that the goods attached were included in the mortgages.

But even if the mortgages are to be considered as valid, still the action can be maintained. The officer had no right to permit the property, when attached by him, to go back into the hands of the debtor. The debtor had an attachable interest in the property, and the officer was authorized by law to take it into his hands. Stat. 1835, c. 188 ; *Sawyer* v. *Mason,* 19 Maine R. 52.

It was the officer's duty to have attached the store. Where there are written general directions on the writ, the officer is bound to obey verbal orders to attach particular articles. *Kimball* v. *Davis,* 19 Maine R. 310.

*B. A. G. Fuller,* for the defendant, argued in support of these, among other positions : —

At the time of the alleged attachment, the debtor had no legal or equitable interest in these goods. His right to redeem had before that time ceased to exist.

But had there been an equity, the officer had no power to take the property out of the hands of the mortgagees, without first tendering the amount due on the mortgage. The creditors might have had a remedy by the trustee process to hold any balance going to the debtor. Rev. Stat. c. 114, § 70; *Holbrook* v. *Baker*, 5 Greenl. 309; 1 Pick. 389; 8 Pick. 333; 15 Maine R. 48 and 373; 3 Fairf. 282; 18 Maine R. 358; 2 N. H. R. 16; 3 Pick. 495; 14 Pick. 497; 18 Pick. 394.

The mortgages are good, although the mortgagor was permitted by the terms of it to retain the possession until condition broken. *Abbott* v. *Goodwin*, 20 Maine R. 408; 1 Pick. 389; 2 Metc. 258; 3 Metc. 518.

But no damages could be recovered against the officer for neglecting to produce the goods to be taken, because that after the attachment and before the demand, the mortgagees had lawfully taken the property into their own hands and made sale thereof, as they had authority to do, by the terms of the mortgage.

The description of the goods, as all then in the store, without a particular description of each article, is sufficient. 7 Maine R. 241; 4 Metc. 306.

*Bradbury,* on the same side, replied to the argument for the plaintiffs.

The opinion of the Court was drawn up by

SHEPLEY J.—This is an action on the case against the defendant, as sheriff of this county, to recover damages for an alleged default of his deputy, Joseph W. Patterson. The default alleged consists in not retaining the possession of certain goods, attached by him on a writ in favor of the plaintiffs against William H. Kittredge, and in not delivering them on demand to the officer, who had the execution issued on a judgment recovered in that suit; and also in neglecting to attach on that writ a certain store as the personal property of Kittredge.

It appears from the report of the case, that Kittredge formerly owned a store, built of wood, and standing upon land

owned by other persons; that he traded in hardware and other goods owned by him, which were in that store; that on May 25, 1840, by a deed of mortgage, recorded on the same day, he conveyed that store, and all the goods, wares and merchandise in and about the same, to Ebenezer Fuller and Henry W. Fuller, jr. with a condition, that it should be void, if he should pay certain notes and contracts described therein, on which the mortgagees and other persons had become sureties for him, and save them harmless therefrom, and from all paper substituted for them; and pay them such sums, as he then owed either of them on account. By an additional instrument, executed on November 12, 1840, and recorded on the day following, he conveyed to the same persons all the goods in the store and personal property, purchased since the date of that mortgage, to hold the same for the purposes named in it, and for the security of one hundred dollars loaned to him by H. W. Fuller, jr. There was an existing prior mortgage upon some of these goods, made to the Savings Bank of the County of Strafford. Kittredge continued in possession of the property mortgaged. The deputy, Patterson, received the writ in favor of the plaintiffs against Kittredge, with written directions to attach the goods in the store occupied by him; and on November 17, 1841, returned thereon an attachment of the goods in the store, subject to the two mortgages to the Messrs. Fullers. He admits in writing, that "said property was by me allowed to go back into the hands of the debtor upon indemnity given to me for the forthcoming of the same, when demanded upon execution." Judgment was obtained against Kittredge in that suit, and the execution issued thereon was, within thirty days after judgment, placed in the hands of an officer, and a demand was made upon Patterson to deliver the goods attached. He in writing admitted the demand, stating, that "the same having all been disposed of, it is not in my power to deliver the same."

Before the return was made of the attachment of the goods, several of the large demands secured by the mortgage, had been paid by Kittredge from the proceeds of goods sold by

him; and other demands so secured, remained unpaid; and continued to remain unpaid until June, 1842, when the mortgagees, for his neglect to pay them, took possession of the remaining goods, and sold them at auction; and received for them more than sufficient to pay the demands and claims remaining unpaid. There was a clause in the mortgage stating, that the mortgagees, in case of a sale made by them, should account to the mortgagor for any surplus. For the purpose of coming to a conclusion upon the rights of the parties, it may not be necessary to notice many other facts stated in the report.

It is contended, that the defendant can find no protection in the existence of those mortgages for the conduct of his deputy, in permitting the goods to be returned to the possession of the debtor, and in omitting to retain possession of them and to deliver them, when demanded of him. If the two last mortgages were so, it may be immaterial, whether the first mortgage was valid or not. The objections to the two last are, that they contained no inventory or other particular description of the property, or statement of its value. The remark contained in the opinion, in the case of *Bullock* v. *Williams*, 16 Pick. 33, "that the articles mortgaged must be of such a nature and so situated as to be capable of being specifically designated and identified by written description," was made in reference to the question, whether a mortgage of personal property recorded would be valid without an actual or constructive delivery of the property. The next sentence explains, that it might not be so, if the goods were "to be weighed, measured, counted off, or otherwise separated, from other and larger parcels or quantities." In the latter case these requirements might be essential to complete the sale as between the seller and purchaser. In this case all the goods in the store were sold and no such proceeding could be necessary to determine what goods were sold; and the witness, Clark, testifies, that the goods were delivered to H. W. Fuller, jr. on the mortgage. The remarks contained in the opinion in the case of *Sawyer* v. *Pennell*, 1 Appl. 167, alluded to in the argument, were

made to show, when a mortgage, if wholly recorded, would disclose a specific enumeration as well as the value of the property, that it was essential, that such information should be conveyed by the record ; not that it was essential to the validity of a mortgage, that it should be disclosed in any manner. On the contrary the opinion says, " we do not mean to say, that the description in this mortgage is so general, that it would not be a valid mortgage." If a valid attachment on mesne process could have been made, without a payment or tender of payment of the mortgage debt, it must of necessity have been sufficient to have stated in the return, that the right of redeeming the property conveyed by the mortgage was attached, which would be made certain by describing the mortgage.

It is contended also, that the mortgages were fraudulent as against the creditors of the mortgagor ; and various circumstances have been stated, which are said to exhibit clear evidence of it. If the mortgage made on May 25, 1840, only, were made *bona fide* and for a valuable consideration, that would be *sufficient* to protect the rights of those claiming under it. Kittredge testified, that the liabilities secured by it were actually existing ones, and that they had in making it no intention to defeat or delay his creditors. There is no testimony in the case, which would authorize the Court to disregard his testimony as unworthy of credit, and to come to a conclusion, that the mortgages were fraudulently made. When it is intended, that the testimony of a witness should be considered as discredited and destroyed in a suit at law, the case should be presented to a jury, and not to the Court, for decision.

It is said, that there is no satisfactory proof, that the goods returned as attached were all included in the mortgages. The answer to this objection is, that the officer does not appear to have returned an attachment of any goods not subject to them ; and there is no claim made for damages for neglecting to attach any property except the store.

It is further contended, that the goods were liable to attachment, and that the officer violated his duty by permitting

them to be returned to the debtor, if the mortgages were valid; especially was he in fault for neglecting to deliver them after having taken the indemnity of B. A. G. Fuller, on Dec. 16, 1841. It is not perceived, that the liability of the sheriff for the neglect or misconduct of his deputy can be varied or affected by the indemnity, which the deputy may have taken. Their responsibilities must be determined by the law applied to their official relations, and to the legal duties, and official conduct of the deputy. The act of taking an indemnity is not an official act; it is for his personal and private benefit and protection. One of the conditions of that indemnity however was, "that the question shall be settled, that said goods were liable to be attached on said writ as the property of said Kittredge in the manner, in which the same were attached," so far as it obliged him to deliver the goods to the officer or pay the execution.

The construction of the act of 1835, c. 188, § 2, came under consideration in the case of *Paul* v. *Hayford*, 9 Shepl. 234, and the conclusion was, that if the debtor's right to redeem personal property mortgaged could be attached on mesne process, the officer could not lawfully take actual possession of the property and withhold it from the mortgagee or his agent, without making payment or tender of the amount due upon the mortgage. On the revision of the statutes the language used in § 38, 39, and 40, of c. 117, to reenact the provisions of that section, does not give the officer any additional rights. In this case he could not have lawfully taken possession of the goods conveyed in mortgage, and have withheld them from the possession of the mortgagees or their servant, the mortgagor, without a payment or tender of the mortgage debt. The case does not shew any such payment or tender, or that the officer was requested to make it, or that he was provided with the money to enable him to do it. Having no right to take or to retain possession of the goods, he could not prevent the mortgagees from taking possession of them under their mortgage and from selling them at auction; and could not be guilty of any neglect or violation of official

Wolfe v. Dorr.

duty by not delivering them when demanded of him. If the attachment were valid and effectual to secure the right to redeem the goods, that right does not appear to have been impaired by any act or neglect of the deputy. There is therefore a failure to establish by the proof in the case, any claim to recover damages of the sheriff for neglect or violation of duty by his deputy, with respect to the goods returned as attached.

There is a claim to recover damages for the neglect of the deputy to attach the store. The testimony does not shew, when the writ was delivered to the deputy. Samuel Titcomb testified, that he had verbal directions to attach it "one, or two, or three, days, after it had been delivered to him." This would seem to have been sufficient to have made it his duty to attach it. The report states, that the store was put into the return of the officer and erased. This however, by reference to the writs, return and schedule, is explained to mean only, that it was enumerated in the schedule of goods attached as in the store and erased from it. The store having been included in the mortgage he could not have legally attached it except by payment or tender of the mortgage debt. The complaint is not that he did not attach the right of redeeming it. And if that can be fairly included in the ground of complaint, there is no proof in the case, that it did not remain in the same situation after judgment had been obtained, and the execution had been issued, and the right to redeem it equally liable to be seized and sold, or the store itself equally so liable. It does not appear, that the plaintiffs have suffered any loss in consequence of his neglect to attach it. On the contrary there is reason to conclude, that if it had been attached, as the other goods included in the mortgage were, that attachment would have proved to have been equally unproductive. The burden of proof is upon the plaintiffs to show, that they have suffered damage from such neglect, and the Court cannot infer it without proof.

*Plaintiffs nonsuit.*