## In re WILCOX.

## CHASE v. WILCOX.

District Court, D. Maine, N. D. October 15, 1927.

No. 2868.

Chattel mortgages ⟨key⟩48—Mortgage of certain number of acres of potatoes and corn held invalid as not sufficiently describing crops mortgaged.

Mortgage covering "yield from seven acres of potatoes and four acres of corn, to be raised by me on the Chase farm, * * * yield from ten acres of potatoes to be raised on the farm on which I now live known as the Joy Farm," *held* invalid because it does not sufficiently describe property mortgaged, in that it does not state season when crops are to be grown and does not definitely describe area of land.

In Bankruptcy. In the matter of Ervin J. Wilcox, bankrupt. Bill by Manley O. Chase, trustee, against Leslie L. Wilcox, to test the validity of a mortgage; the Fairfield Savings & Trust Company being made a party defendant. Mortgage held invalid.

G. F. Gallert, of Waterville, Me., for trustee.

H. C. Marden, of Waterville, Me., for defendant.

HALE, District Judge. By this bill in equity the trustee in bankruptcy brings before the court a mortgage, given by the bankrupt to his father, Leslie L. Wilcox, dated May 14, 1927, to secure a note payable in seven months from date. By an unrecorded assignment the mortgage was assigned to the Fairfield Savings & Trust Company. This assignment came to light after the bill in equity was filed. The Fairfield Savings & Trust Company then came into court and was made a party defendant.

The description of the property mortgaged is:

"The following goods and chattels, viz.: The yield from seven acres of potatoes and four acres of corn to be raised by me on the Chase farm, so-called, situated on the west side of the Ridge road, so-called, in said Fair-

field. The yield from ten acres of potatoes to be raised on the farm on which I now live, known as the 'Joy Farm,' situated on the westerly side of the Ridge road, so-called, in said Fairfield. This security is given for the purpose of protecting the said Leslie L. Wilcox for fertilizer, seed, and cash advanced and to secure him for indorsement on notes amounting to about four hundred dollars given by me to the Ticonic National Bank of Waterville, and to Alton Richardson."

The trustee claims that this mortgage is invalid, first, because it does not state the season when the crops described in the mortgage are to be grown and does not definitely describe the area of land upon which the crop is to be grown; and, second, because the mortgage is a preference under the Bankruptcy Act (11 USCA).

The question now submitted to the court is whether or not the mortgage is invalid by reason of the first cause stated. Is the description of the property mortgaged sufficient to satisfy the legal requirements of a valid mortgage on crops?

It is agreed that if, on this issue, the court shall decide the mortgage to be invalid, then there will be no further proceedings on the bill. If the court finds the description sufficient to satisfy the legal requirements of a valid mortgage on crops, then the parties will be heard on the question of preference.

It is urged that the Corinna Seed Potato Farms v. Corinna Trust Co., 125 Me. 131, 131 A. 307, is decisive as to the validity of this mortgage. In that case the Supreme Court of Maine held:

"A mortgage of chattels said to have a potential existence, as a crop to be grown by the mortgagor, during a season named and on a definite area of land, may by a properly written, executed, and recorded conveyance give right of possession to the mortgagee after valid foreclosure, and under certain circumstances even before foreclosure. But a mortgage of a crop to be grown, to be thus effective, must so definitely and so certainly state that a lien is given and describe the crop to be grown that the mortgage is notice to the world that another than the grower is the owner of the crop, until defeasance is accomplished. Otherwise the holder of the faulty conveyance has no title by virtue of the conveyance.

"The agreement in evidence is nothing more than an executory agreement."

The learned counsel for the defense claims that the Corinna Trust Company Case is not decisive of the case at bar; that it is not in line with the former Maine cases; that its evident purpose is not to overrule the former cases; and that the description in the mortgage falls within the standard set by the former Maine cases, namely, Brinley v. Spring, 7 Me. 241; Wolfe v. Dorr, 24 Me. 104; Burditt v. Hunt, 25 Me. 419, 43 Am. Dec. 289; Elder v. Miller, 60 Me. 118; Kelley v. Goodwin, 95 Me. 538, 50 A. 711.

Anderson v. Chenault (C. C. A.) 208 F. 400, is brought to my attention. That case presents a mortgage of "all my crop of cotton of 100 acres, now up and growing on lands of B. M. Walton, also 30 acres of corn on same place up and growing, 20 acres of cotton on Mrs. D. J. Hill's place up and growing." The mortgagee creditor proved his claim under the mortgage, as a secured claim, against the estate in bankruptcy. The referee affirmed the mortgage, and, on appeal, the allowance of the referee was sustained, the description was held sufficient, and that it, "as between the parties, sufficiently identifies the property involved in this controversy." In that case, parol evidence was held by the federal court to be admissible to identify the property. It will be noted that the mortgage describes the crop of cotton mortgaged to be "up and growing" on certain land. This clearly indicates that the property mortgaged is on a crop growing at the date of the mortgage.

In the case before me, it is urged by the learned counsel for the defendant that the mortgage was executed in May, that the note secured by it matured in seven months, and that, by a fair inference, the crop intended to be covered by the mortgage was upon the crop growing at the time the mortgage was given, and, in any event, parol evidence should be received to identify the land on which the crop was grown and to show the season of the crop mortgaged.

The early Maine cases cited by the defendant hold substantially that the "description of a crop is sufficient if it be such that a prudent, disinterested person, aided and directed by such inquiries as the instrument itself suggests, is able to identify the property."

Upon examination of the Corinna Trust Company Case, it appears that the Maine Supreme Court assumed that parol evidence would not be admitted to ascertain the land on which the crop was to be grown or in what season it was to be raised. In that case the Maine court has used some language apparently inconsistent with the former Maine cases upon the subject; and the court says nothing about the former cases, and does not seek to distinguish or to modify them. The Corinna Trust Company Case is, however,

the last word of the court of Maine on the subject; and, if I should hold this mortgage valid, I think I should be overruling the Supreme Court of Maine. I think it my duty to follow the Maine court and to leave the Circuit Court of Appeals to settle the law upon the question.

I therefore rule that the description of the property mortgaged is not sufficient to satisfy the legal requirements of a valid mortgage on crops.