WILLIAM ELDER and another *vs.* GRANVILLE D. MILLER.

*Chattel mortgage—description of property in—parol evidence.*

A duly recorded chattel mortgage of a livery stock, describing the horses as 'eight horses,' 'being the same now in stable No. 19, Silver street,' is sufficient as against a subsequent purchaser of two of the horses, although at the time the mortgage was executed, for some time previous and subsequent thereto, many other horses not owned by the mortgagor were constantly boarded there.

Parol evidence to establish the identity of personal chattels embraced in a mortgage, but not particularly described therein, is admissible.

ON EXCEPTIONS to the rulings of *Goddard,* J., of the superior court for this county, who reported the case as follows:

TROVER for two horses. Plea, general issue.

Plaintiffs claim as mortgagees, by virtue of a mortgage dated Dec. 3, 1870.

Defendant claims by purchase from the mortgagors, made after recording of the mortgage, he being ignorant of its existence.

And it was shown as follows: Mortgagees never took actual possession of the mortgaged property.

Elder *v.* Miller.

In October, 1870, the mortgagors purchased from Geo. B. Jordan & Co. certain stable property, including eight horses, two of which were the horses in suit. And said eight horses, purchased of Jordan & Co., were in the stable described in the mortgage when the mortgage was made, and it is not questioned that, as between the parties to the mortgage, said eight horses were thereby conveyed.

At the time the mortgage was made, and for some time previous and subsequent thereto, from twelve to fifteen other horses were constantly kept in said stable, as boarders, not being the property of the mortgagors; and there were no horses kept there which were the property of mortgagors, except said eight horses purchased of Jordan & Co., which eight horses were a part of their stable stock, and were constantly in use by them.

The execution of the mortgage having been duly proved, defendant objected to the admission of the same as evidence of the plaintiff's title as against the defendant, on the ground that it did not legally and sufficiently describe the horses mortgaged; but the facts being as stated above, the court admitted the mortgage in evidence to sustain the plaintiff's title.

And thereupon the defendant alleged exceptions.

*W. L. Putnam*, for the defendant.

*M. P. Frank*, for the plaintiff.

APPLETON, C. J. This is an action of trover for two horses. The plaintiffs claim under a mortgage from Jordan & Rice, dated Dec. 3, 1870, and duly recorded.

The defendant claims as a purchaser of the horses in controversy subsequently to the recording of the mortgage.

Jordan & Rice, at the time of giving the mortgage to the plaintiff, were keeping a livery stable. The mortgagors describe the stable, the property mortgaged, as carriages, phaetons, eight horses, etc., ' the said property being the same now in said building or stable.'

The only objection taken to the plaintiff's right to recover, is that the description of the horses is not sufficiently definite.    But the mortgagors warrant their title to the property mortgaged. They describe the building in which it then was.    The fact that other individuals were boarding their horses at the same stable does not affect the plaintiff's right to recover.    Parol evidence is necessarily admitted to show the identity of the property mortgaged. In *Brook* v. *Aldrich*, 17 N. H. 443, the mortgage was of two horses belonging to the mortgagor, and the description was held sufficient.    In *Harding* v. *Coburn*, 12 Met. 333, a mortgage of ' all and singular, the stock, tools, and chattels belonging' to the mortgagor, ' in and about the wheelwright's shop occupied' by him, was held valid.    In discussing the necessity of resorting to parol evidence, to identify the mortgaged property, Dewey, J., says, ' take the case of live stock on a farm ; the general description would be ' all my stock on my farm.'    The particulars are, ' ten cows, two yoke of oxen,' etc.; but in both you must rely on other sources than the mortgage for the identity of the property mortgaged.'

The cases are numerous in this State in which descriptions like that in the mortgage under consideration have been sustained. *Chapin* v. *Crane*, 40 Maine, 561 ; *Skowhegan Bank* v. *Farrar*, 46 Maine, 293.

The evidence to show that the horses in controversy were owned by the mortgagors at the time of the mortgage, and were then in the stable, and embraced within the mortgage, was properly received. .                                    *Exceptions overruled.*

KENT, WALTON, DICKERSON, and DANFORTH, JJ., concurred.