Price v. McComas.

ings were void. *People v. Hamilton Co.*, 3 Neb., 244. The writ must therefore be denied.

WRIT DENIED.

THE other judges concur.

---

THOMAS PRICE ET AL., PLAINTIFF IN ERROR, V. RUFUS F. McCOMAS, DEFENDANT IN ERROR.

1. **Chattel Mortgage:** DESCRIPTION OF PROPERTY. On January 9th, 1885, one A. executed a chattel mortgage to one P. on certain cattle, described as follows: "Ten head of two-year-old past steers, valued at thirty-five dollars per head. * * * * The above described chattels are now in my possession, are owned by me, and are free from all incumbrances in all respects." And on the next day said A. executed a chattel mortgage to one M. on nine head of cattle, described as follows: "Nine head of two and three-year-old steers situate on farm, south of Bennet, Nebraska, 1¼ miles. The above described chattels are now in my possession, are owned by me, and are free from all incumbrances in all respects." A., at the time of executing said mortgages, possessed ninety-eight head of steers of the description named on his farm south of Bennet, and the steers mortgaged were not separated from the others, but the description applied equally to the ninety-eight steers owned by A. *Held*, First, that the mortgages created no liens upon any specific steers, and, as against an attaching creditor, were a nullity.

2. ——: ATTACHMENT: RIGHTS OF CREDITOR. The fact that before the levy of the attachment, certain steers had been separated from the whole number and claimed under the second mortgage, would be unavailing as against such creditor, unless it was also shown that at the time the mortgage was executed there was an agreement that it should apply to such steers.

ERROR to the district court for Lancaster county. Tried below before HAYWARD, J.

N. C. Abbott and O. P. Mason, for plaintiff in error.

Edwin F. Warren, for defendant in error.

MAXWELL, CH. J.

In July, 1885, the defendant in error filed a petition in the district court of Lancaster county, claiming a special ownership in nine head of two and three-year-old steers by virtue of a chattel mortgage made by one Robert Arundale, dated Jan. 15, 1885, and filed for record Jan. 13, 1885, in which the plaintiffs in error are charged with the conversion of said steers, and judgment is prayed for their value.

The defendants below (plaintiffs in error), in their answer, claim said property by virtue of a chattel mortgage executed by said Arundale to Thomas Price, January 9, 1885, and filed for record January 12, 1885. They also claim by virtue of an attachment levied on said cattle April 9, 1885. On the trial of the cause it was admitted in open court that on and prior to the 9th day of January, 1885, one Robert Arundale was the owner of the cattle in controversy, and that on said day he executed and delivered to plaintiff Price a chattel mortgage on certain property in said mortgage described as "ten head of two-year-old-past steers, valued at thirty-five dollars per head. * * * The above described chattels are now in my possession, are owned by me, and free from all incumbrances in all respects." Said mortgage was given to secure the payment of a certain promissory note for the sum of six hundred ninety-one and fifteen-hundredths dollars, due and payable. Said mortgage was on the 10th day of January, 1885, duly filed for record. Said note and mortgage was, before due, transferred to one R. C. Outcalt, who was the owner thereof at the time of the alleged conversion. That on or about the 9th day of April, 1885, said Outcalt

put said mortgage into the hands of plaintiff Melick for collection and foreclosure, and under said mortgage said Melick took possession of the property described in petition for the purpose of foreclosing the same.

That on or about the 9th day of April, 1885, plaintiff Price, then being a creditor of said Arundale, sued out of the district court of Lancaster county, Nebraska, a writ of attachment against said Arundale for the sum of twelve hundred dollars, which writ was put into the hands of plaintiff Melick, and by him levied upon the property in question, together with other property, as the property of Robert Arundale, and then and there took possession of said property, and held the same by virtue of said chattel mortgage and writ of attachment. The court rendered judgment in the sum of four hundred thirty-nine and fifty-hundredths dollars, in favor of the defendant in error.

The principal error relied upon for the reversal of the judgment is that it is not sustained by the evidence. The testimony tends to show that at the time the mortgage from Arundale to Price was executed, on January 9th, 1885, and and at the time the mortgage from Arundale to McComas was executed, January 10th, 1885, Arundale had on his farm "ninety-eight head of two-year-old steers, coming three," and that the mortgage from Arundale to Price and from Arundale to McComas did not designate any particular steers, the description in the mortgage from Arundale to McComas being "nine head of two and three-year-old steers, situate on farm south of Bennet, Neb., eleven miles. The above described chattels are now in my possession, are owned by me, and free from all incumbrance in all respects."

The description of the property intended to be mortgaged should be such as to distinguish it from other chattels, or should contain some hint to direct such parties as may examine the mortgage to any source of information beyond

the words of the same. The description should be such as to enable third parties to identify the property, aided by inquiries which the mortgage itself indicates and directs. *Elder v. Miller,* 60 Me., 118. *Skowhegan Bank v. Farrar,* 46 Id., 293. *Chapin v. Cram,* 40 Id., 561. Herman on Chat. Mort., 574. The general rule is that the description is sufficient if it will enable a third person, aided by inquiries which the instrument itself suggests, to identify the property. Jones, Chattel Mortgages, sec. 54. *Tolbert v. Horton,* 31 Minn., 518. *Tolbert v. Horton,* 33 Minn., 104. *Smith v. McLean,* 24 Iowa, 322. *Yant v. Harvey,* 55 Iowa, 421.

There is no suggestion in the mortgage that the steers mortgaged were all the steers of that age owned by the mortgagor, and in his possession on his farm south of Bennet, nor that they were separated from the whole number of steers and confined in an enclosure by themselves. The description in each mortgage would apply to all the steers owned by the mortgagor on his farm. No case has been cited showing that such a description is valid as against creditors, and we think no such case can be found.

It is claimed, however, that the defendant in error having separated the cattle alleged by him to be mortgaged, from the others, therefore the description was rendered sufficient, and that a chattel mortgage may be created by parol. It is enough to say that he was not claiming under a parol chattel mortgage, but under the one executed Jan. 10, 1885, and then on file in the county clerk's office, and the testimony fails to show that these identical steers, claimed by him under the mortgage, were the ones actually mortgaged. There is a failure of proof, therefore, to sustain the judgment in favor of the defendant in error, and the description in both mortgages is wholly insufficient. The lien acquired by Price, therefore, by the levy of his attachment is superior to the right of the defendant in error. The judgment of the

district court is reversed, and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.