FRANK RAWLINS ET AL., PLAINTIFFS IN ERROR, V. T. P. KENNARD & SON, DEFENDANTS IN ERROR.

[FILED MARCH 20, 1889.]

1. **Chattel Mortgage.** A description of property in a chattel mortgage is sufficient, where it will enable a third person, aided by inquiries which the instrument itself suggests, to identify the property.

2. ———: PRIORITY OF LIENS. One H. executed a chattel mortgage upon a span of mules to a machine company in July, 1885, in which the mules were described as "Two brown mules, one

four years old, the other five years old; weight about 950 pounds each."

This mortgage was duly filed for record. On the 14th of August, 1885, H. executed a chattel mortgage to K. & Son, on two mules described as follows: "One bay horse mule, five years old; one bay mare mule, five years old." This mortgage was afterward duly filed for record. K. & Son had actual notice of the existence of the mortgage to the machine company upon the mules described in its mortgage, and interrogated H. as to the number of mules possessed by him; and he informed them that he possessed two spans of mules, and that the mortgage to K. & Son was upon a different span from that mortgaged to the machine company. It appeared from the testimony that H. possessed but one span of mules. *Held*, That the right of the machine company was superior to that of K. & Son.

ERROR to the district court for Lancaster county. Tried below before HAYWARD, J.

*Cornish & Tibbets*, for plaintiff in error, cited: *Harris v. Kennedy*, 4 N. W. R. 651; *Wiley v. Shars*, 21 Neb. 712; Jones on Chattel Mortgages, secs. 644, 645, 662.

*Harwood, Ames & Kelly*, for defendants in error, cited: Jones on Mortgages, 3d Ed., vol. 2, sec. 971; *Shaver v. Williams*, 87 Ill. 469; *Banta v. Garmo*, 1 Sanford Ch. (N. Y.) 383; *Anglade v. St. Avit*, 67 Mo. 434.

MAXWELL, J.

This is an action of replevin brought by the defendants in error against the plaintiff in error to recover the possession of a span of mules. On the trial of the cause in the court below, a verdict was rendered in favor of the defendants in error, and a motion for a new trial having been overruled, judgment was entered on the verdict.

The testimony shows that on the 30th day of July, 1885, one G. E. Harper executed a chattel mortgage upon the following described property:

"One Belleville 32 in. thresher, No. 4281; one twelve-

horse Woodbury Power, No. 167, and equalizer, made by the Harrison Machine works; two brown mules, one four years old, the other five years old, weight about 950 pounds each; one black horse four years old, one ear off, weight about 950 pounds; one bay horse, nine years old, weight about 1,100 pounds.

There is a recital in the mortgage, of possession of the mortgagor, as follows:

"The above described chattels are now in my possession, are owned by me, and free from all incumbrances in all respects."

The above mortgage was given to secure the sum of $688, and was duly filed in the office of the county clerk on August 1, 1885, and is numbered 15578.

On the 14th of August, 1885, G. E. Harper executed a chattel mortgage to T. P. Kennard & Son, upon the following described property:

"One bay horse mule, five years old; one bay mare mule five years old; one gray mare five years old; one bay horse three years old; two sets of double harness; one Studebaker wagon, and one other two-horse wagon."

This mortgage was given to secure the sum of $130. It was duly filed for record October 26, 1886, and is numbered 15773.

The testimony shows that the defendant had personal as well as constructive notice of the mortgage of the plaintiff in error, before the execution of the mortgage by Harper to them. Mr. Alva Kennard, one of the defendants in error, testifies:

Q. What did you ask Mr. Harper in regard to the mules?

A. He owed the firm something like $160; he came in and wanted to pay part of the money and extend the balance; he told me how much he wanted to pay; I figured it up. I kept a mortgage record at that time, and I turned to the mortgage record to see if he had mortgaged

the property to some one else besides me; I found he had mortgaged a pair of brown mules to the Harrison Machine works.    I asked him how many spans of mules he had, and he said two, a span of brown mules, which were mortgaged to them, and a span of bay mules.    I said, Is that the only two teams you have got?    He said, No; I have three or four teams of horses.

Q. Then you did not ask him if these were not the mules on which the Harrison Machine Works had a mortgage?

A. I did not.

Q. Did you see the Harrison Machine Works' mortgage?

A. No, sir, I did not see it.

Q. How did you find out they had a mortgage?

A. I told you that I kept a record in my office.

Q. What did you take it from?

A. I paid a man $6 a month to furnish me a copy every morning — a copy of the mortgages complete from the day before.

The only controversy in this case is between two mortgagees of the same property.    The testimony shows that Harper possessed but one span of mules at the time that he executed the mortgage to the defendants in error.    These mules were about five years of age, and weighed from 900 to 1,000 pounds each, and were in the possession of Harper at his residence in Lancaster county.    There is some controversy in regard to the color of the mules, a number of witnesses testifying that they were a bay color, while others testify that they were brown.    There is also testimony tending to show that the color changed somewhat with the season of the year.    The question presented is, Was the description in the mortgage sufficient to put parties upon inquiry?    In *Jordan v. Hamilton County Bank*, 11 Neb. 499, the description was as follows: "Two mules, one bay and one brown, aged eight years old.    One mare, bay, eight years old.    One bay horse, five years old.    One black

mare, five years old. One lumber wagon. One double harness. Nine acres of growing wheat, situated on south-west quarter of sec. 35, town 12, range 6." Lake, J., says: "It is contended by counsel for the defendant in error that this description is void for uncertainty. We think other-wise. The color and age of all the animals is definitely given. The wagon is described as a 'lumber' one, a term generally applied to an ordinary double wagon used by farmers. The harness as a 'double' one, that is, designed for a team of two animals. The nine acres of wheat was then growing. According to the mortgage, this property was all then upon a certain tract of land described by gov-ernment subdivision, in Hamilton county, Nebraska, and we think that a person of average intelligence would have had no serious difficulty in finding and pointing it out, if there. Besides, if necessary, in order to distinguish any por-tion of it from other property of like description on the land, parol evidence was admissible for that purpose. (*Bell v. Prewitt*, 62 Ill. 361.)"

*Jordan v. Hamilton County Bank* is cited with approval in *Peters v. Parsons*, 18 Neb. 193, where, after copying the description of the property in dispute, as "one bay horse eight years old, weight about 1,200," of which the mortgagor was possessed, it is said: "This certainly is sufficient to put a purchaser on inquiry, particularly where the mortgagor appears to have possessed but one horse of that color, and it is shown that Glazier was actually using the horse in question for some time before and at the time he traded the same to the plaintiff in error." In *Price v. McComas*, 21 Neb. 198, the court says: "The description should be such as to enable third parties to identify the property, aided by inquiries which the mort-gage itself indicates and directs. (*Elder v. Miller*, 60 Me. 118; *Skowhegan Bank v. Farrar*, 46 Id. 293; *Chapin v. Cram*, 40 Id. 561; Herman on Chat. Mort. 574.) The general rule is that the description is sufficient if it will

enable a third person, aided by inquiries which the instrument itself suggests, to identify the property. (Jones, Chattel Mortgages, sec. 54; *Tolbert v. Horton,* 31 Minn. 518; *Tolbert v. Horton,* 33 Id. 104; *Smith v. McLean,* 24 Iowa, 322; *Yant v. Harvey,* 55 Id. 421. See also cases cited in American and Eng. Encyc. of Law, 180 and 181.) The description of the mules evidently was sufficient to apprise the defendants in error of the property mortgaged. Had they followed this notice up they would have found that Harper was possessed of but one span of mules, upon which he had given the mortgage to the plaintiff in error. The defendants in error, however, made no effort to ascertain the exact facts, but relied upon the statement of Harper, that he possessed another span of mules. This statement is shown to have been untrue, and Harper did not execute a mortgage to the defendants in error on a different span of mules from that mortgaged to the plaintiffs in error. As between the mortgagees, therefore, the defendants in error must sustain the loss. The judgment of the district court is reversed and the cause remanded for a new trial.

REVERSED AND REMANDED.

The other Judges concur.