(December 5, 1891.)

## McCONNELL ET AL. v. LANGDON, SHERIFF.

[28 Pac. 403.]

CHATTEL MORTGAGE—CROP MORTGAGE—DESCRIPTION OF PROPERTY IN
MORTGAGE—ATTACHING CREDITORS.

CREDITOR'S RIGHT TO ATTACK VALIDITY OF CHATTEL MORTGAGE.—A
creditor has the right to attack the validity of a chattel mort-
gage by attaching the property described therein, giving indem-
nifying bond to sheriff and selling the property.

CREDITOR AND SHERIFF LIABLE IN DAMAGES IF MORTGAGE PROVE
VALID.—The sheriff and creditor do this, however, at the peril
of being obliged to pay all damages to the mortgagee if the mort-
gage is held good.

CROP MORTGAGE—DESCRIPTION IN.—A crop mortgage which describes
the grain in the crop or wheat and flax now being, standing, and
growing, or all the wheat and flax now growing upon the land
known as the timber claim of the mortgagor in Nez Perce county,
Idaho, held good.

DESCRIPTION, WHEN INSUFFICIENT.—The description, "all wheat and
flax to be sown and grown upon the land described," without
specifying the year in which it is to be sown and grown, held
insufficient.

(Syllabus by the court.)

APPEAL from District Court, Nez Perces County.

Forney & Tillinghast, for Appellant.

The court erred in refusing to allow defendant to amend his
return to make it conform to the facts. (*Jeffries v. Rudloff,* 73
Iowa, 60, 5 Am. St. Rep. 654, 34 N. W. 756; *Thatcher v. Miller,*
11 Mass. 413; *Spellmyer v. Gaff,* 112 Ill. 29, 1 N. E. 170;
*Shenandoah Val. R. Co. v. Ashby,* 86 Va. 232, 19 Am. St.
Rep. 898, 9 S. E. 1003; *People v. Ames,* 35 N. Y. 482, 91
Am. Dec. 64.)  A demurrer will only lie to the whole plead-
ing, or to the whole of a particular cause of action or defense.
It cannot be directed to a portion only of a single cause of ac-
tion or defense, for the manifest reason that a demurrer raises
an issue of law upon which the court is to render judgment.
(*Knoblaugh v. Hoglesong,* 38 Minn. 459, 38 N. W. 366; *Locke
v. Peters,* 65 Cal. 162, 3 Pac. 657; *Tunnel Co. v. McKenzie,* 67
Cal. 490, 8 Pac. 22.)  The officer's return did not estop him to

prove that the mortgagee in the foreclosure proceedings had no property interest in the property which he held under attachment. (*Rogers v. Cromack,* 123 Mass. 582; *Denny v. Willard,* 11 Pick. 519, 22 Am. Dec. 389; *Roberts v. Wentworth,* 5 Cush. 192; *State v. Harper,* 94 N. C. 23; *Barker v. Binninger,* 14 N. Y. 279; Bigelow on Estoppel, 5th ed., 642, 643.)

Sweet & Elder and Freund & Loughary, for Respondents.

It was too late for appellant to amend his return. (Bigelow on Estoppel, 3d ed., 549-551, 553, note 3; *Barnard v. Stevens,* 2 Aik. 429, 16 Am. Dec. 733; Freeman on Judgments, 1st ed., sec. 366; *Simmons v. Bradford,* 15 Mass. 82; *Meister v. Birney,* 24 Mich. 435.)

MORGAN, J.—The complaint alleges that the plaintiffs, on the second day of November, 1887, executed and delivered to the defendant, as sheriff, affidavit and notice required by law, and demanded that the said sheriff proceed to sell the personal property in the said affidavit and notice described by virtue of a chattel or crop mortgage owned by plaintiffs, which is attached to the complaint, and marked exhibit "A." The mortgage was dated April 20, 1887; was given by A. Matheason, a farmer, to the plaintiffs herein, to secure the payment of the sum of $553, then owing by said mortgagor to the plaintiffs; and covered the following crop, viz.: "The crop of wheat and flax now being, standing and growing, or that is to be sown and grown, upon that certain piece of land situated, . . . . and more particularly described as follows, viz.: All the wheat and flax now growing or that is to be sown and grown on the south half of the southwest quarter and the west half of the southeast quarter of section 22, in township 38 north, of range 5 west, Boise meridian, known as the 'timber claim' of the said party of the first part, the mortgagor." Said mortgage was duly acknowledged and recorded April 20, A. D. 1887. The complaint further alleges that said defendant, as sheriff, refused to sell the said property by reason of a levy of a writ of attachment thereon by himself, as sheriff, prior to the levy under and by virtue of said notice, affidavit, and chattel mortgage (a copy of said affidavit, notice, and return is annexed to the complaint) alleges damage,

and prays judgment in the sum of $552.12, and interest thereon. The defendant filed his amended answer, admits partnership of plaintiffs, and that the defendant was the duly elected, qualified, and acting sheriff as alleged. Second paragraph admits that on November 2, 1887, the plaintiffs, by their attorneys, delivered to the defendant the affidavit and notice attached to the complaint and marked exhibit "F," but denies that the same was an affidavit required by law. And third paragraph denies that he (defendant) ever refused to sell the property as by said notice he was required to do, or any part thereof. Denies that as such sheriff, under said mortgage, or under said affidavit, or under said notice, or under any authority whatever, he was authorized or required to sell any property whatever. Denies that the said mortgage was a lien upon or authorized the sale of the property therein described, or any part thereof. Denies that under and by virtue of said chattel mortgage, or under or by virtue of said affidavit or notice, defendant ever levied upon or took into his possession any property described in the said chattel mortgage, or said affidavit, or said notice. Admits that he made the return upon the affidavit for foreclosure of the mortgage, which is as follows:

"Territory of Idaho,  }  ss.
County of Nez Perces.  }

"I hereby certify that I received the within affidavit on the second day of November, 1887, and proceeded to levy, and did levy, upon the within described property on the second day of November, 1887, but by reason of a writ of attachment placed in my hands on the first day of November, 1887, and having levied, by virtue of said writ, upon the property described in the within affidavit, with instructions from the plaintiffs named in said writ to hold said property regardless of said mortgage, I therefore refuse to proceed with said foreclosure.

"Dated this tenth day of November, 1887.

"S. J. LANGDON,
"Sheriff.

"By GEORGE LANGDON,
"Deputy."

And in the same paragraph alleges that at the time of making said return he had and held under and by virtue of the writ of attachment, duly issued out of the probate court of the county of Nez Perces, Idaho, in an action then pending, wherein Frank Brothers Implement Company was plaintiff, and the said Andreas Matheason and Anna Matheason, his wife, were defendants. That at the time of making said return on said affidavit this defendant, by mistake, supposed that the said grain described in the said affidavit was the same grain which he had in his possession under said attachment. Whereas said defendant alleges, upon information and belief, that the said property he thus had in his possession under said writ was not, nor any part thereof, any of the property described in the mortgage, affidavit, or notice. The fourth paragraph denies damage, etc. The trial was had before the court, a jury being waived, and the court found for the plaintiffs, and gave judgment against the defendant in the sum of $928 and costs. Defendant moved for new trial, which being denied, he appeals to this court.

We shall take such of the alleged errors, in the order in which they are stated by the defendant, as are deemed necessary to a determination of the material issues in the case. The first error assigned by defendant is: "The court erred in overruling the motion of the defendant, S. J. Langdon, to amend his return upon the affidavit of J. C. Elder, attached to the amended complaint herein, marked exhibit 'B.'" It is always in the discretion of the court to permit amendments to the return of the officer in order to make it conform to the actual facts. It will be noticed that in the affidavit of the deputy sheriff in support of defendant's motion for leave to amend his return the affiant states that he did not levy upon any wheat or flax grown or growing upon the south half of the southwest quarter and the west half of the southeast quarter of section 22 in township 38 north, of range 5 west, Boise meridian, and goes on to state that the said premises, as above described, were not, nor was the crop grown thereon, at any time the property of the said Matheason, or his wife; but does not state that the wheat and flaxseed levied upon by the sheriff, both under the attachment and by virtue of the foreclosure proceedings, was not grain grown upon the land "known as the 'timber claim' of the said mort-

gagor." If it was grain owned by the said Matheason and grown upon the said timber claim, in said county of Nez Perces, it would be within the description in the mortgage; and the return, as it stood upon the affidavit, would be proper, and any amendment thereof would be improper. As it was not denied in the affidavit or otherwise that it was grain raised upon said timber claim, and belonged to the said Matheason, and was therefore included in the mortgage, it is presumed that the court below refused to permit the amendment to be made because he was satisfied that the return correctly stated the facts. In that case his denial was correct, and is approved by this court.

The second assignment of error is as follows, to wit: "The court erred in sustaining the demurrer of the plaintiffs herein on the twentieth day of June, 1891, to paragraphs 2 and 3 of the defendant's amended answer." Paragraph 2 admits the delivery of the affidavit and notice for the foreclosure of the mortgage, but denies that the same was an affidavit required by law. This is a legal conclusion, and therefore not proper or necessary. In the same paragraph the defendant denies that said affidavit or notice or demand was executed or made under or by virtue of the chattel or crop mortgage or any mortgage then owned by plaintiffs, other than the mortgage a copy of which is marked exhibit "A," and attached to the complaint herein. There is no allegation in the complaint that the said affidavit, notice, and demand were made under any other mortgage than the one marked exhibit "A," and attached to and made a part of the complaint. The denial, therefore, is of a matter that had not been alleged, and is superfluous. The demurrer to paragraph 2 of the defendant's answer was therefore properly sustained. The better practice in this case would have been to have moved to strike out paragraph 2. Paragraph 3 of the answer denies that as such sheriff, under said mortgage or said affidavit or notice, or under any authority whatever, he was authorized or required to sell any property whatever; denies that said mortgage was a lien upon, or authorized the sale of, the property therein described, or any part thereof; denies that under or by virtue of said chattel mortgage or said affidavit or notice defendant ever levied upon or took into his possession any property de-

scribed in said chattel mortgage, affidavit, or notice. These denials put in issue the validity and sufficiecy of the mortgage,. affidavit, and notice for foreclosure, and the identity of the grain levied upon with that described in the mortgage; all of which were material issues, which the plaintiffs in the attachment suit,. who are the real parties in interest, had the right to raise, and. they were not elsewhere raised by the answer. The same paragraph alleges the levy of the attachment in the suit of *Frank Brothers Implement Company v. Andreas Matheason,* upon the wheat and flax-seed in the controversy, and is proper. The demurrer to the third paragraph should have been overruled. The sustaining the demurrer thereto prevented the defendant from introducing any evidence thereunder, and was therefore error.

The next error assigned which it is thought necessary to notice is the fourth, as follows: "The court erred in allowing any testimony to be introduced on the part of the plaintiffs in this. cause, upon the ground that the complaint did not state facts. sufficient to constitute a cause of action, and in overruling the defendant's objection thereto." Under this alleged error the defendant attacks the validity of the mortgage and the sufficiency of the description of the property therein. The mortgage appears to be duly and legally executed, acknowledged, and recorded. No objection is made to any part of the complaint,. except to this description in the mortgage. The description is as above set forth. There can be no doubt of the right of the attaching creditor to test the validity of the mortgage by levying his attachment upon the property claimed to be covered thereby, giving the sheriff bond to save him harmless by reason of such levy and a sale thereunder, and instructing him to sell regardless of the mortgage, as was done in this case. He does so, however, at the peril of being compelled to pay all damages. that may accrue to the mortgagee by such action if the mortgage is held good. The description would evidently be good if it covered the crop of wheat and flax now being, standing, and growing, or all of the wheat and flax now growing, on the land described, and known as the "timber claim" of the said mortgagor. As it described property then in existence standing and growing upon said land, the place where said wheat and flax was standing and growing is given, and this is about the only

description that can be given of a growing crop.    There is and can be nothing to distinguish it from other growing wheat and flax except the place where it is located.    This description would be sufficient if the exact numbers of the land were not given.    A description of property is sufficient if it will enable a third person, aided by inquiries suggested by the instrument, to identify the property.    (*Rawlins v. Kennard,* 26 Neb. 181, 41 N. W. 1004; *Jordan v. Bank,* 11 Neb. 499, 9 N. W. 655; *Price v. Mc-Comas,* 21 Neb. 195, 31 N. W. 512; *Peters v. Parsons,* 18 Neb. 191, 24 N. W. 688; *Pierce v. Langdon,* ante, p. 141, 28 Pac. 401.)  The description of wheat and flax as being, standing, and growing upon the land known as the "timber claim" of the said Matheason, mortgagor, was sufficient to put third persons on such inquiry as would identify the grain, and was therefore sufficient notice to creditors.    That part of the description, however, which attempts to convey all the wheat and flax to be sown and grown upon the land described, without specifying the year in which said grain is to be grown, would apply as well to the crop to be raised in any subsequent year as to the crop raised in the year 1887, and is too indefinite and uncertain, and is void as to creditors.    (*Cole v. Kerr,* 19 Neb. 553, 26 N. W. 598; *Pennington v. Jones,* 57 Iowa, 37, 10 N. W. 274; *Barr v. Cannon,* 69 Iowa, 20, 28 N. W. 413; *Eggert v. White,* 59 Iowa, 464, 13 N. W. 426.)    This disposes of all the questions raised by the appeal and necessary to a final determination of the case.    Judgment reversed, and new trial granted; costs of this appeal awarded to the defendant.

Sullivan, C. J., and Huston, J., concur.