(December 20, 1895.)

## BLUMAUR-FRANK DRUG CO. v. BRANSTETTER.

[43 Pac. 575.]

CHATTEL MORTGAGE—SECTIONS 3390 AND 3391 OF THE REVISED STATUTES CONSTRUED.—Affidavit and notice for the foreclosure of a chattel mortgage under sections 3390, 3391, and other sections therewith connected, of the Revised Statutes of Idaho of 1887 are held to be process, and as such will protect the sheriff in the execution thereof the same as he is protected in the service of an ordinary execution in case of judgment.

SHERIFF RECEIVING AFFIDAVIT AND NOTICE MUST EXECUTE SAME—ATTACHMENT OR EXECUTION OF JUDGMENT CREDITOR.—Upon receipt of said process the sheriff must proceed to execute the same, and having by virtue thereof levied upon goods described in the affidavit and notice, and taken them into his possession, he must proceed to give notice and sell the same under the directions set forth in the statute, notwithstanding an attachment or execution of a judgment creditor may be placed in his hands after the said affidavit and notice were levied upon the goods.

SHERIFF NOT TO DETERMINE WHETHER MORTGAGE IS VALID.—The sheriff is not called upon to determine whether the mortgage upon which the affidavit and notice were issued is a valid mortgage or not. If the judgment creditor desires to attack the validity of the mortgage, he can do so as directed by section 3396 of the Revised Statutes.

(Syllabus by the court.)

APPEAL from District Court, Ada County.

J. R. Wester and George H. Stewart, for Appellant.

The affidavit and notice of sale, under which the sheriff acted in taking possession of the drug stock in controversy, was competent and sufficient authority. It is a statutory remedy given to the mortgagee of chattels by the Revised Statutes, sections 3390 and 3391, and upon receipt of such notice and affidavit it is mandatory upon the sheriff to act. (Rev. Stats., sec. 3393.) A sheriff is ministerial officer, and has no right when he receives process regular on its face, to go back of it and raise the question of its validity, nor to concern himself with the question as to whether the proceedings leading up to the process were regular or valid. (*McComb v. Reed*, 28 Cal. 281, 87 Am. Dec. 115; *Roth v. Duvall*, 1 Idaho, 149; Rev. Stats., sec. 1882.) We are convinced that a preponderance of, and all the most respectable, authorities hold that process, fair on its face, protects the officer in its execution, regardless of the character of the proceedings or instrument upon which it issued or is founded. (*Dusy v. Helm*, 59 Cal. 188; *Babe v. Cayne*, 53 Cal. 261; *Bickerstaff v. Doub*, 19 Cal. 110, 79 Am. Dec. 204; *Norcross v. Nunan*, 61 Cal. 640; *Brichman v. Ross*, 67 Cal. 601, 8 Pac. 316; *Roth v. Duvall*, 1 Idaho, 149; *Savacool v. Boughton*, 5 Wend. 170, 21 Am. Dec. 181; *Newburg v. Munshower*, 29 Ohio St. 617, 23 Am. Rep. 769; *Mathews v. Densmore*, 109 U. S. 216, 3 Sup. Ct. Rep. 126.) Whatever may have been the character of the instrument (the mortgage), the mortgagee had taken possession, and the mortgagee of chattels holds the legal title of the mortgaged property. (2 Hilliard on Mortgages, 297, 426; *Hackett v. Manlove*, 14 Cal. 89.) And an officer having an attachment against the property of the mortgagor is not authorized to take the mortgaged property out of the possession of the mortgagee. (*Moore v. Murdoch*, 26 Cal. 515.) An attaching creditor, before judgment, cannot contest the validity of a chattel mortgage. He has no such a fixed and certain claim as will entitle him to question the *bona fides* of other claims. He must be a judgment creditor. He must have something more tangible than an asserted claim. (*Shirley v. Watts*, 3 Ark. 2; *Martin v. Michael*, 23 Mo. 50, 66 Am. Dec. 656;

*Davis v. Ranson,* 18 Ill. 396; *Tennent v. Battey,* 18 Kan. 324; *Ferguson v. Bank of Kansas City,* 25 Kan. 339; *Simpson v. Vose,* 31 Kan. 230, 1 Pac. 601; Drake on Attachment, 5th ed., sec. 225.)   It was not the duty of the sheriff to go back of the process in his hands or to inquire as to the validity of the proceeding leading up to the process under which he was acting. He was justified in relying on the process as given him.   (1 Freeman on Executions, sec. 102; *McComb v. Reed,* 28 Cal. 281, 87 Am. Dec. 115; *Roth v. Duvall,* 1 Idaho, 149.)

Samuel H. Hays and Henry Z. Johnson, for Respondent.

Appellant's contention seems to be that the affidavit and notice of sale delivered to the sheriff by the mortgagee are regular and sufficient on their face, and that being so, the sheriff was excused from following respondent's directions, regardless of the fact that the mortgage was fraudulent and void.   The statute (sec. 391) provides that the affidavit must contain "a full description of the "property mortgaged."   The description contained in the affidavit is insufficient.   In a description of a stock of goods of this kind, which was used, sold and replenished in the ordinary course of trade for a period of several months, and which was subject to daily and hourly fluctuations, time was the most important element.   The mortgage did not cover the after-acquired goods.   The description being insufficient, the so-called "process" was void as to creditors.   (*McConnell v. Langdon,* 2 Idaho, 892; *Meredith v. Kunze,* 78 Iowa, 111, 42 N. W. 619; *Gregory v. North Pac. Lumber Co.,* 15 Or. 447, 17 Pac. 143; *Rocheleau v. Boyle,* 11 Mont. 459, 28 Pac. 879.)   The rule that an officer is protected by process fair on its face does not apply where, as in this case, the officer was notified of the invalidity of the proceedings.   (*Leachman v. Dougherty,* 81 Ill. 324; *Grace v. Mitchell,* 31 Wis. 533, 545, 11 Am. Rep. 613; *Sprague v. Birchard,* 1 Wis. 457 (464).)   Where there are conflicting demands the sheriff decides priorities at his peril. (Murfree on Sheriffs, secs. 110-537; *Weaver v. Wood,* 49 Cal. 297.)   An officer who receives a writ for service with instructions as to the manner of its execution or as to the property to be subjected to it is bound to obey the instructions if he lawfully can, and is liable for loss resulting from his neglect to do so.

(Mechem on Public Officers, sec. 751; *Jewett v. Sundback,* 5 S. Dak. 111, 58 N. W. 20; *Ranlett v. Blodgett,* 17 N. H. 298, 43 Am. Dec. 603, and note.) In this case, where there has been a confusion of goods, by reason of selling and replenishing the stock, the officer should attach and the duty of picking out the goods on which he had a lien should devolve on the mortgagee. (*Wilson v. Lane,* 33 N. H. 466; *Weil v. Silverstone,* 6 Bush, 698.)

MORGAN, C. J.—On the fifth day of March, 1893, W. H. Ridenbaugh sold to T. D. Farrer and M. J. Rounseville, of the firm of T. D. Farrer & Co., a stock of drugs and fixtures then being and situated in the store building of the said Ridenbaugh, in Boise City, Idaho, for the sum of $5,000, and delivered same to said firm. In payment for said stock, said Ridenbaugh took the note of said firm for said sum, and, to secure the same, took a chattel mortgage on said stock of drugs and fixtures in said store. Thereafter, on the seventh day of August, 1893, said T. D. Farrer & Co., having in the meantime paid the said W. H. Ridenbaugh the sum of $2,000, gave to said Ridenbaugh a new note for the sum of $3,332.28, and, to secure the same, gave to said Ridenbaugh a new mortgage on said stock, described as follows, to wit: "All drugs, medicines, bottles, cases, flasks, patent medicines, chemicals, wines, liquors, cigars, tobaccos, paints, oils, brushes, glass, varnishes, soaps, toilet articles, toilet soaps, perfumes, trusses, suspensories, sponges, syringes, catheters, rubber tubing, combs, cutlery, compasses, spectacles and all drug sundries; soda fountain, water glasses, fixtures and apparatus; oil; file of prescriptions, and all medicinal pharmaceutical books, medical and unabridged dictionaries, price lists and catalogues; fixtures, show cases, prescription cases, counters, shelving, stoves, writing desks, safe, scales, stepladder, hose, signs, electric light fixtures, tools, sponges, sacks, all ornamental fixtures, chairs, printed matter, paper sacks, motors, graduates, and medicine and merchandise; and, in fact, every thing and article owned and used in and about said store room and place above described." A portion of the drugs and other goods, except fixtures, had been sold before foreclosure proceedings, and the money used to purchase other goods in the ordinary course of

trade.   On November 15, 1893, the mortgagee, Ridenbaugh, gave the defendant, as sheriff of Ada county, an affidavit and notice of foreclosure of said mortgage, and for the sale of said stock, under sections 3390-3392 of the Revised Statutes of Idaho.   On the 29th of November, 1893, the sheriff served this process levied upon the goods and fixtures, and took them into possession, and thereafter sold them under the mortgage.   December 1, 1893, the respondent commenced an action against the said Farrer and Rounseville to recover $542 for goods sold to them between March 9, 1893, and August 1, 1893, and on said December 1st delivered an attachment in said action to said appellant, the sheriff, and orally requested the sheriff to disregard the mortgage, and take the property by virtue of the attachment.   No indemnity bond was offered, and the sheriff had the goods in his possession under the foreclosure proceedings when he received the attachment.   The sheriff levied the attachment subject to the chattel mortgage.   The respondent recovered judgment against T. D. Farrer & Co., February 21, 1894.   On the fifth day of December, 1893, the appellant sold said property at public sale, after due notice, to W. H. Ridenbaugh, the mortgagee, for $2,500, and delivered the same to him, and thereafter returned said writ of attachment *nulla bona.* Thereupon the respondent commenced this action against said appellant, March 14, 1894.   The action was tried by the court without a jury, and judgment rendered against the appellant, March 30, 1894, for said sum of $542, from which judgment the defendant appeals to this court.

In the case at bar, both parties concede that process good upon its face protects the sheriff even though founded on a void or irregular judgment.   (See Idaho Rev. Stats., sec. 1882 (which is simply an enactment of a principle of the common law) ; *Dusy v. Helm,* 59 Cal. 188; *Norcross v. Nunan,* 61 Cal. 640; and many other authorities that may be cited.)   Respondent contends, however, that affidavit and notice under sections 3390 and 3391 are not process, and that "process and orders," as defined by section 1870, is the only kind of process known to our statute, and the only kind that will protect the officer, if fair upon its face.   This definition includes, of course, attachments and executions by virtue of which goods may be levied

upon and sold to pay debts.   Section 1870 is as follows: "Process as used in this article includes all writs, warrants, summons and orders of courts of justice or judicial officers."   It will be seen that this section does not pretend to name all writings that may properly be denominated "process."   It only says the word "process" includes certain papers.   It may, notwithstanding section 1870, include many other papers not therein named. It is not claimed that the method pointed out in sections 3390 and 3391, and others thereto connected, is not a legal and constitutional method of foreclosing chattel mortgages.   By virtue of this affidavit and notice, everything can be done, within its specified limits, that can be done under and by virtue of an execution.   Section 3391 requires that the affidavit, together with a notice signed by the mortgagee, his agent or attorney, shall be delivered to the sheriff, requiring such officer to take the mortgaged property into his possession and sell the same. Section 3392 gives the officer directions how to proceed to serve the affidavit, and give the proper notice, etc.   Section 3393 is as follows: "The officer [sheriff] must take the property into his possession and give notice of sale in the same manner and for the same length of time as is required in the cases of the sale of like property on execution and the sale must be conducted in the same manner."   Section 3394 states that the purchaser at such sale takes all the interest of the mortgagor in the property at the time of the execution of the mortgage, and the officer must execute to him a bill of sale of the property. Section 3395 requires the sheriff to make return on the affidavit of all his proceedings thereunder, and transmit the same to the clerk of the district court.   It is apparent that the affidavit and notice are as effectual, in the sale of property mortgaged, and in the collection of the debt, in every respect, as an execution. The levy, taking possession, and sale must be made in the same manner; and the absolute and legal transfer from one person to another, and the collection of the money result.   Where these papers are placed in the hands of the sheriff, and they are fair upon their face, he must proceed to execute them in the manner pointed out in the statute.   The law requires it, and the sheriff has no alternative.   It is, in fact and in law, a writ of execution in this proceeding, and for a neglect or refusal to execute which

he would be liable to the creditors, as pointed out in section 1875 of the Revised Statutes of Idaho.    And the converse is true. It is process, in the execution of which the sheriff is protected. In this case the sheriff had levied upon and taken the property into his possession, by virtue of the affidavit and notice, before the attachment was placed in his hands.    Having put his hand to the plow, he cannot hesitate, or turn back, upon the verbal instruction or request of the attaching creditor.    In this respect the case at bar differs from the case of *Bank v. Martin.*    In the case of *Lewiston Nat. Bank v. Martin,* 2 Idaho, 734, 23 Pac. 920, the stock of drugs was mortgaged in substantially the same manner as in the case at bar, and goods were sold in ordinary course of trade, and money used to purchase new goods, and this was permitted by the provisions of the mortgage, under the provision that the goods should remain in the possession of the mortgagor; and gave him the free and full use and enjoyment of the same.    Before any attempt was made to foreclose the above mortgage, by affidavit and notice, or otherwise, Porter & Co. obtained judgment against the mortgagor, levied execution on said goods, and sold them on August 20, 1888.    Thereafter, on the eleventh day of September, the bank obtained judgment against the mortgagor, and an order of sale of the mortgaged property under the supposed lien.    Execution was issued, and the sheriff refused to levy upon and sell said goods under the latter execution, because of prior levy and sale.    The bank sued the sheriff for value of goods, and in this suit the court held the mortgage void, on authority of *Robinson v. Elliott,* 22 Wall. 524.    The facts in *McConnell v. Langdon,* 3 Idaho, 157, 28 Pac. 403, were the same.    The attachment was levied before foreclosure proceedings were commenced and in each case the goods were levied upon, and in the first case sold, before foreclosure proceedings were commenced.    The respondent claims that the mortgage in the case at bar is almost a copy of the mortgage mentioned in *Bank v. Martin,* supra.    Without in any manner intimating what the opinion of this court may be when such mortgage is fully presented for consideration, we answer: Yes; so it seems to this court; and if, as in that case, the respondent had levied his attachment upon these goods before any proceedings had been instituted for the foreclosure of

the mortgage, then the cases would seem to be almost precisely alike, and the validity of the mortgage would then have been before the court. And the same is true of the case of *McConnell v. Langdon, supra;* and, if presented under the same state of facts, the decision of this court in this case might have been the same as in those cases.

We must not lose sight of the fact that process fair upon its face must be executed by the sheriff, upon its being placed in his hands. We hold the affidavit and notice to be process. No objection is made by the respondent to the form of the process. Therefore the sheriff must execute it. The sheriff cannot be called upon, when he receives an execution, to sit in judgment upon the validity of the judgment. Neither can he, in this case, be called upon to sit in judgment on the validity of the mortgage. This is for the court, and not for the sheriff.

But the attaching creditor is not without abundant and easy remedy. Section 3396 is: "The right of the mortgagee to foreclose, as well as the amount claimed to be due, may be contested in the district court by any person interested in so doing, for which purpose an injunction may issue if necessary." What, if any, remedy, the respondent now has it would, of course, be improper for this court to indicate. This disposes of the questions raised by the attorneys for the respondent.

The case of *Jewett v. Sundback,* 5 S. Dak. 111, 58 N. W. 20, is cited as an authority sustaining the respondent's contention. That case is similar in many respects to the case at bar, and, if the same questions had been raised before that court as are raised here, it would have been an authority in point. In that case the sheriff had the goods in his possession under foreclosure proceedings when the execution was delivered to him for service, and he was directed to levy on the goods, as in this case, and he refused. The plaintiff in execution sued the sheriff. The sheriff, or his defense, introduced the mortgage, and the plaintiff, without objection from the defense, proceeded to show that the mortgage was void; and proof was taken, and the case decided upon that proof. The sheriff did not seek to rest his defense upon the ground that he was proceeding under a writ of foreclosure which was process fair upon its face, and which he must execute, unless commanded to desist by the court, by in-

junction or otherwise.   Therefore the question before this court
was not before that court, and was neither considered nor de-
cided therein.   We have not the statute of South Dakota, and
therefore cannot tell what effect the statute may have had in
the decision of that case.   The decision of the court below is
reversed, and the judgment set aside.

Sullivan and Huston, JJ., concur.

### ON REHEARING.

(February 1, 1896.)

MORGAN, C. J.—The principal contention of the respond-
ent, in his brief, was that the affidavit and notice, under the
statute, is not process; and therefore the opinion deals principally
with this contention.   The statement that "no objection is made
to the form of the process" was intended to apply to the form,
simply, and not to the description of the property therein, which
followed the description in the mortgage.   The description is
sufficient, as between the parties to the mortgage.   The respond-
ent in this case did not avail himself of the means pointed out
by the statute to contest the validity or sufficiency of the de-
scription, either in the mortgage or affidavit; and therefore,
having taken no legal means to contest the same, such sufficiency
was not before the court.   And the court does not hold that
such description is sufficient.   The respondent repeats his ar-
gument as to insufficiency of description, and again quotes *Mc-
Connell v. Langdon,* 3 Idaho, 157, 28 Pac. 403.   The court
explained its position with respect to this, fully, in the original
opinion, and does not think it necessary to repeat what was then
said.   *Howard v. Clark,* 43 Mo. 344, cited by respondent, states
that the statute of Missouri provides a mode of settling all ques-
tions of priority between attaching creditors, and where the
officer neglects these provisions, and decides the questions him-
self, he does so at his own peril.   The case is not in point, as
the sheriff in that case levied both attachments upon the same
property on the same day, and thereby put himself in the posi-
tion where he must decide as to priority.   That is not this case.
The priority in this case was with the mortgagee, as his levy was
made first.   He was as much a creditor as the attaching credi-

itor, and the sheriff was not obliged to resort to section 4110—commence suit, advance costs and employ counsel to determine a matter in which he had no interest.    In this case the respondent was the party who wished to secure and enforce his lien upon a portion of the goods in this store, upon which it was claimed the mortgage was not a lien.    It was for the respondent to make such claim good, by such legal means as the statute provided.    The respondent had the means at his disposal to compel a decision as to the validity of the mortgage, and also to compel the mortgagee to point out the goods upon which his mortgage was a valid lien.    Having neglected to employ the means so provided, he could not, by verbal request or order, compel or require the sheriff to do this for him.    *Trowbridge v. Cushman,* 24 Pick. 310, and *Bank v. Mitchell,* 58 Cal. 42, are neither of them in point, as there the question was whether an execution against an individual could take priority over an execution against a firm, or two joint makers of a note, when levied upon the firm or joint property.    Not so in this case. We are quite surprised at the statement in the petition for rehearing "that, by an agreement between the mortgagor and mortgagee which the law declares void, a confusion of goods had occurred."    We find no agreement in the mortgage or elsewhere, on the part of the mortgagee, that new goods might be purchased with the money received on sales, and such goods mingled with the others.    The reasoning, therefore, founded upon such false premises, and the authorities quoted in support thereof, must fail of reaching the case.    There can be no question of the right of the plaintiff to attack the validity of the mortgage, under section 3396 of the Revised Statutes of Idaho.    Rehearing is denied.

Sullivan and Huston, JJ., concur.