## JACOB JACOBSEN AND J. N. JOHNSON, APPELLANTS *v.* REUBEN CHRISTIANSEN, RESPONDENT.

*Chattel Mortgage—Insufficient Description—Effect of.*

A mortgage of a specific number of sheep out of a herd comprising a much larger number of similar sheep, which does not separate or designate the sheep mortgaged, is void for uncertainty.

(Decided December 6, 1898.)

Appeal from the District Court of Sevier county, Hon. W. M. McCarty, *Judge.*

Action by plaintiff against defendant for the conversion of certain sheep upon which plaintiff claimed to hold a chattel mortgage. From a judgment of dismissal on the

ground of insufficiency of description in the mortgage, plaintiffs appeal. *Affirmed.*

*J. B. Jennings*, Attorney for Appellants.

The description in the mortgage was sufficient. Jones on Chattel Mortgages, Secs. 53, 54, 54*a*; *Carbin* v. *Kincaid*, 7 Pac. 147; *Scrofford* v. *Gibbons*, 24 Pac. 968; *Davis* v. *Pitcher*, 59 Am. St. 392, note; *Kimball* v. *Sattley*, 45 Am. Rep. 614, note; *Barrett* v. *Fisch*, 14 Am. St. 238, note.

*Reid & Cherry*, Attorneys for Respondent.

"A mortgage of a specified number of articles out of a larger number is void for uncertainty, when the particular articles intended to be conveyed are not separated or designated in any way, so that they can be separated from others of the same kind." Jones on Chattel Mortgages, 3d ed. Sec. 56; *Souders* v. *Vorhees*, (Kans.) 12 Pac. Rep. 526; *Clark* v. *Vorhees*, (Kans.) 12 Pac. Rep. 529; *Blakely* v. *Patrick* 67 N. C. 40, same case 22 Am. Rep. 600; *Parker* v. *Chase*, 62 Vt. 206, same case 22 Am. St. Rep. 99; *Avery* v. *Popper*, (Tex. Civ. App.) 34 S. W. Rep. 325; *Richardson* v. *Alpena Lumber Co.*, 40 Mich. 203; *Case* v. *Gunnison*, 58 Mich. 108; *Stonebraker* v. *Ford*, 81 Mo. 532; *Croswell* v. *Allis*, 25 Conn. 301; *Price* v. *McComas*, 21 Neb. 195, same case 31 N. W. Rep. 511; Thomas on Chattel Mortgages and Con. Sales, see 114.

BARTCH, J.

This suit was brought by the plaintiffs to recover damages in the sum of $746, for the alleged wrongful conversion of a certain number of sheep by the defendant. The action was dismissed, and the plaintiffs appealed.

The decisive question is whether the chattel mortgage, on which the suit appears to be founded, is void for insufficiency of description, for unless the mortgage was valid and created a lien on the property, the plaintiffs have shown no right of recovery. The description contained in the instrument, reads: "Seven hundred head of good stock sheep, marked upper bit and under slit in each ear; all of said sheep being the property of the party of the first part, and free from any incumbrance whatever, and the increase on said sheep shall be subject to this mortgage. Said sheep are now at Loa, Wayne county, Utah."

It appears the mortgage was made March 25, 1895, and it is shown by the evidence that at that time the mortgagor was the owner of about 1600 head of good stock sheep, marked upper bit and under slit in each ear, the same as the 700 head mentioned in the description quoted; and all the sheep were running together in Wayne county, Utah. There was no separation of the 700 head described in the mortgage at any time, from the remainder of the herd. Nor did the mortgaged sheep have any marks upon them, or any means by which to distinguish them from the rest of the band. The sheep continued to so roam together until June 1, 1895, when, as appears, one Shiner, the agent of Joseph Hill, the mortgagor, by direction of Hill, turned over and delivered 1300 head of them to the defendant as the agent of R. F. Nelson and William L. Chritensen, in satisfaction of claims they held against Hill. It is thus shown by the evidence that, at the time of the execution of the mortgage, and thereafter, until the defendant received the sheep in his representative capacity for his principals, who were creditors of the mortgagor, there were many more animals of precisely the same description as those mentioned in the mortgage, and all mingled together in the same herd without there having

been any selection or separation by the mortgagees, when the defendant assumed charge of them. Nor does the mortgage refer to any facts or circumstances which would serve to distinguish the mortgaged animals from the rest of the herd. There was, therefore, no way to determine what particular animals were embraced within the terms of the instrument, and thus the mortgage was uncertain, inoperative and void because of a want of sufficient description of the property. "A mortgage of a specific number of articles out of a larger number is void for uncertainty, when the particular articles intended to be conveyed are not separated, or designated in any way so that they can be separated from others of the same kind. Jones Chat. Mort., Sec. 56; *Richardson* v. *Alpena L. Co.* 40 Mich. 203; *Stonebaker* v. *Ford,* 81 Mo. 532; *Avery* v. *Popper,* 24 S. W. R. 325; *Souders* v. *Voorhees,* 12 Pac. Rep. 526; *Clarke* v. *Voorhees,* Id. 529; *Blakely* v. *Patrick,* 67 N. C. 40; *Croswell* v. *Allis,* 25 Conn. 301; *Price* v. *McComas,* 21 Neb. 195; *Parker* v. *Chase,* 62 Vt. 206; *Kelly* v. *Reid,* 57 Miss. 89.

Having reached the conclusion that the mortgage on which the plaintiffs based their cause of action was void, we do not deem it important to discuss the other questions presented. We are of the opinion that the suit was properly dismissed.

The judgment is affirmed, with costs.

ZANE, C. J., and MINER, J., concur.