**ZARING et al. v. STRAUSS & CO., Inc.**

Circuit Court of Appeals, Ninth Circuit.
January 14, 1929.

Rehearing Denied March 5, 1929.

No. 5490.

314

F. M. Bistline and Jones, Pomeroy & Jones, all of Pocatello, Idaho, for appellants.

Geo. D. McClintock, of Minneapolis, Minn., H. B. Thompson, of Pocatello, Idaho, and C. Coolidge Kreis, of San Francisco, Cal., for appellee.

Before GILBERT, RUDKIN, and DIETRICH, Circuit Judges.

GILBERT, Circuit Judge (after stating the facts as above). It is assigned as error that the court below adjudged the chattel mortgage of December 31, 1924, to be void as to the appellee, and our attention is directed to the fact that in the bill of complaint no fraud is charged as to that mortgage and no relief is sought against the same. The decree, it is true, declares that the mortgage of December 31, 1924, is void as to the appellee, but the decree in that respect has no relation to or bearing upon the actual relief that was accorded to the appellee, and it is to be disregarded on the appeal, for, while the issues brought in question the proper construction of that mortgage to determine what property was included in it, the whole gist of the controversy before the court concerned the 9,000 bushels of wheat and the hay and barley crop produced in 1927, and a contested question was whether or not the mortgage of 1924 covered that crop. The appellants asserted that it did, basing their contention on the provision: "All crops of every nature and description which have been or may be hereafter sown, grown, planted, cultivated or harvested during the year 1925 and 1926, and until said debt is fully paid." That provision,. as we construe it, placed a lien upon one crop only, the annual crop of the fall of 1925 and the winter of 1926. The appellants insist that the words "until said debt is fully paid" extend the lien to all crops raised during succeeding years. We think that the court below properly held otherwise. In so ruling, reliance was placed on McConnell v. Langdon, 3 Idaho, 157, 28 P. 403, a case in which the description in the mortgage was

"the crop of wheat and flax now being standing and growing or that is to be sown and grown upon that certain piece of land, etc." The Supreme Court of Idaho held the mortgage good as to the crop which was growing at the time of its execution, but that as to succeeding crops it was too indefinite and uncertain, and that it was void as to creditors. The appellants cite 11 C. J. 469, § 97, where it is said: "A mortgage is not rendered indefinite by the fact that it covers successive crops until paid." But the mortgage here in question does not cover, nor does it attempt to cover, "successive crops until paid." It covers only the crop of a specified year, and the words "until paid" mean no more than that the lien on that crop subsists until the payment of the debt. Such was the meaning given to it by the mortgagee, for in the affidavit of Evans, made on January 26, 1927, in the proceeding of the Evans Mercantile Company to foreclose the mortgage of 1924, he made oath that it covered crops grown, cultivated, or harvested during the year 1925 and 1926, and in the notice of sale the crop of 1926 and 1927 was specifically referred to as described not in the mortgage of 1924, but in the mortgage of November 19, 1926, and no effort was made to sell it, nor was it sold under the 1924 mortgage.

It is contended that the mortgage of November 19, 1926, was erroneously held void as to the appellee, for the reason that the bill of complaint failed to state facts sufficient to justify that conclusion. The complaint alleged that the appellee had been pressing Roy Zaring to pay or secure his debt, and that the latter and his wife and Hector, their son, without consideration and without transfer of possession of the property therein described, executed the said mortgage; that the mortgage was given by the mortgagors, and was accepted by the mortgagee, the Evans Mercantile Company, for the sole purpose of hindering and delaying creditors of Roy Zaring, and particularly the appellee, and that the same was accepted by the mortgagee with full knowledge of such fraudulent intent; that the execution of said mortgage and the execution of the bill of sale from Roy Zaring and wife to Hector and the pretended foreclosure of that mortgage and the subsequent retransfer of all said property to Hector were each and all part and parcel of the consummation of the conspiracy to hinder, delay, and defraud creditors, and were all fraudulent. We think that the allegations of fraud and the proof to sustain the same were insufficient on which to base a decree holding that the mortgage of November 19, 1926, was fraudulent as to the appellee. It was not alleged or shown that there was not a valid subsisting consideration for that mortgage, or that the full amount which it was given to secure was not justly due and owing from Roy Zaring to the Evans Mercantile Company, or that said debt was ever paid, or that the mortgage lien was discharged. The fact, as found by the trial court, that the foreclosure of that mortgage was fraudulent and void, had not the effect to discharge the lien or to render the appellee's attachment on the mortgaged property prior and superior thereto. The Zarings had the right to prefer any creditor, and, although their intention in the various transactions recited in the bill may have been to defraud the appellee and to place the property of the Zarings beyond its reach, the fact remains that no ground is shown for the conclusion that the appellee's rights are superior to those of the Evans Mercantile Company. If the mortgage of that company has not been legally foreclosed, the company still has the right of foreclosure, and, so far as the facts alleged and the proofs adduced are concerned, it has the prior right to subject the crops of 1927 to the payment of its lien. When relief is sought in equity on the ground of fraud, a case for relief must be fairly made by the bill and answer, and the relief accorded must be such as follows legitimately from the pleadings and proof in conformity with the case alleged (Voorhees v. Bonesteel, 16 Wall. 16, 21 L. Ed. 268), and general averments of fraud are wholly inadequate and insufficient (Ambler v. Choteau, 107 U. S. 586, 591, 1 S. Ct. 556 [27 L. Ed. 322]). This does not mean that all the details of the fraud shall be set forth with particularity. It is enough if the allegation is explicit and distinctly made and the method of its accomplishment is pointed out (De Louis v. Meek, 2 G. Greene (Iowa) 55, 50 Am. Dec. 491), and, where the law presumes fraud because it is the necessary consequence of alleged facts, they need not be characterized as fraudulent or otherwise (Warren v. Union Bank of Rochester, 157 N. Y. 259, 51 N. E. 1036, 43 L. R. A. 256, 68 Am. St. Rep. 777).

As against this conclusion, it is not sufficient to show that the bill of sale to Hector Zaring of April 5, 1926, was given in consideration of $1, and that Roy Zaring told the attorney for the appellee that its purpose was to place the property beyond the reach of a lawyer who was after it, and that Roy Zaring denied to the appellee that he had given any security to the Evans Mercantile Company, and that the foreclosure of that

mortgage was fraudulent and void, and that thereafter the property was transferred back to Hector, and that the notes which it was given to secure were retained, and no note or obligation was taken from Hector, the ostensible purchaser of the property, and that there was concealment of the grain by hauling it to three warehouses and storing it in three different names and mixing it with the wheat of Evans, and that Evans was active in taking the acknowledgments of both bills of sale and filing same for record, and that Roy Zaring and his son Hector executed instruments in which they convenanted that they were the absolute and exclusive owners of the crop, whereas the Evans Mercantile Company, by its bill of sale of March 15, 1927, warranted the title to it to Roy Zaring, and that the appellants on the trial joined in calling E. E. Zaring, Roy's brother, to testify that he, and not Roy, was the owner of 547 sacks of grain which Hector Zaring had delivered to Schiller, and that they failed to explain why neither Roy Zaring nor Hector, each claiming to be the sole and absolute owner of the crop, made no objection to its being sold under foreclosure by Evans.

The decree is reversed, and the cause is remanded to the court below, with instructions to dismiss the complaint with prejudice.