No. 8990.

ROBINSON ET· AL. *v.* ROGERS, GUARDIAN.

FRAUDULENT CONVEYANCE.—*Complaint.*—*Guardian's Bondsman.*—*Principal and Surety.*—A complaint, in an action by a guardian to set aside a conveyance made by the surety on the bond of a former guardian, on the ground that the conveyance was made to defraud creditors, which fails to show·that the surety was indebted to any one at the time he made the conveyance, or that his principal in the bond had not, up to the date of the conveyance, faithfully discharged his duties as guardian, is insufficient on demurrer.

From the Monroe Circuit Court.

*J. F. Pittman*, for appellants.

*J. W. Buskirk* and *H. C. Duncan*, for appellee.

FRANKLIN, C.—Appellee sued appellants to set aside the

conveyance of certain real estate as being fraudulent against creditors. A demurrer was overruled to the complaint; issues were formed; trial had by jury; verdict for the plaintiff; and, over a motion for a new trial, a decree was rendered for the plaintiff, setting aside the conveyance as fraudulent, and declaring the land subject to sale for the payment of plaintiff's debt.

Errors have been assigned upon the overruling of the demurrer to the complaint, and the overruling of the motion for a new trial.

The complaint reads as follows:

"The plaintiff complains of said defendants, and says, that on the — day of ———, 186–, one Jonathan Branam was duly appointed and qualified as guardian of the person and estate of Emma J. Branam, minor heir of —— Branam, deceased, and executed his bond, payable to the State of Indiana, in the penal sum of $———, with William Adams and the said defendant Wylie H. Robinson as his sureties; that afterwards, to wit, on the — day of ———, 187–, said ——— Branam was removed from his said trust, and the plaintiff herein duly appointed and qualified as guardian, and in which capacity he is still acting; that afterwards he instituted a suit on said bond, and on the 24th day of May, 1878, recovered judgment in the Monroe Circuit Court thereon against said bondsmen in the sum of $1,929.52, and which is still due, unsatisfied, unpaid, and unappealed from; that thereupon an execution was issued on said judgment, and which has been returned no property found; that the said Jonathan Branam and William L. Adams are both insolvent, and have no property subject to execution with which to pay said judgment or any part thereof; and plaintiff further avers, that, on the 14th day of May, 1878, the defendant Wylie H. Robinson, being then the owner in fee of the following described real estate, situate in Monroe county, State of Indiana, to wit: " (then follows the description), "and being then and there in failing circumstances, and not having sufficient other property to pay

all his debts, and knowing that the said Jonathan Branam and William L. Adams were insolvent, and fraudulently conspiring with the said co-defendants to cheat and defraud his creditors and the plaintiff's said ward, and for the purpose of cheating, delaying and defrauding his said creditors, and without any consideration whatever, fraudulently conveyed said real estate, and which was then, and still is, of the value of $5,000, to his co-defendants, Thomas Robinson, Louisa J. Fulfard, John H. Robinson, Jasper W. Robinson, Elina D. Robinson, and to Cynthia A. Lautern, who were then and there his children, and then and there knowing that said conveyance was made for the purpose of defrauding his said creditors; that, since said conveyance was made, the said Cynthia A. Lautern departed this life, leaving as her heirs at law Mary E. Yoder, Alexander Lautern and Wilbur Lautern; and said co-defendants still hold the title to said real estate; that the defendant Wylie Robinson has not sufficient other property to satisfy said indebtedness. Wherefore the plaintiff asks that the conveyance made by said Wylie H. Robinson be set aside," etc.

The demurrer was for not stating sufficient facts to constitute a cause of action.

The objection to the complaint is, that it does not show Robinson's indebtedness at the time he made the deed, or directly allege that he was indebted to any person.

The complaint does not give the date of the bond on which he was surety, or state when the breach of the bond occurred; it alleges that Branam was removed as guardian on the — day of ———, 187-. A blank averment, when dates are material, amounts to nothing. The complaint does not show Robinson's indebtedness, or that he was indebted to any person at the date of the deed; or that the principal in the bond, up to that time, had not faithfully discharged his duties as such guardian, and at that time ·had not plenty of property to be perfectly responsible for all his liabilities as such guardian.

A surety on a guardian's bond is not required to keep all

his property in anticipation of some future liability, which he may have good reasons to believe never will occur; but he may, in good faith, before such breach, dispose of his property by giving it to his children; and the remedy in such a case is to require the guardian to give a new bond, or additional bond.

We think the complaint does not state facts sufficient to constitute a cause of action. The court below erred in overruling the demurrer to the complaint.

For this error the judgment ought to be reversed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and it is in all things reversed, and that the cause be remanded, with instructions to the court below to sustain the demurrer to the complaint, and for further proceedings, at appellee's costs.