Herron *et al. v.* Herron.

No. 10,781.

HERRON ET AL. *v.* HERRON.

MORTGAGE.—*Equity.—Foreclosure.*—A deed, in form absolute, if intended to be a mere security, is in equity a mortgage, and a suit to foreclose may be maintained upon it.

MISJOINDER.—*Error.*—By express statute, R. S. 1881, section 341, a misjoinder of causes of action can never be available error on appeal.

BILL OF EXCEPTIONS.—*Practice.—Record.*—Motions to strike out pleadings and to separate causes of action, and the rulings thereon, are brought upon the record only by bill of exceptions or special order of the court.

MARRIED WOMAN.—*Mortgage.—Consideration.—Husband's Debts.—Foreclosure.*—That a wife, prior to 1879, mortgaged her lands without other consideration than to secure her husband's debt, is no defence to a suit against her to foreclose the mortgage.

From the White Circuit Court.

*J. H. Wallace* and *W. J. Gridley,* for appellants.

*J. Applegate* and *C. R. Pollard,* for appellee.

FRANKLIN, C.—Appellee filed a complaint in two paragraphs against appellants. The first was for the possession of a town lot in Monticello, White county, Indiana. The second was upon a deed executed in November, 1878, by appellants to appellee as a mortgage upon the lot, and asking a foreclosure of the mortgage.

The appellants demurred to each paragraph of the complaint, which demurrer was overruled.

The defendants then answered separately and jointly. A demurrer was sustained to the separate answer of Mary E. Herron, and a reply in denial was filed to the other answers. There was a trial by jury, and a verdict for the defendants on the issues in the first paragraph of the complaint, and for the plaintiff on the second paragraph of the complaint, finding the amount due the plaintiff, and for a foreclosure of the mortgage to pay it.

The defendants moved for a new trial and in arrest of judgment, both of which motions were overruled. The rulings upon the motions and demurrers have been assigned as errors.

The language of the demurrer to the complaint is: "The

defendants herein demur separately to each paragraph of the complaint, for the reason the same does not state facts sufficient to constitute a cause of action against the defendants."

Counsel for appellee insist that this is a joint and not a several demurrer to each paragraph of the complaint.

The first paragraph is admitted to be good; but counsel for appellant insist that the demurrer is several, and the second paragraph of the complaint ought to be held bad, for the reason that the instrument declared on as a mortgage is a deed, and no action will lie upon it as a mortgage.

A deed, though absolute upon its face, may be only a mortgage, and may be declared on as such. *Graham* v. *Graham*, 55 Ind. 23. So that it makes no difference whether the demurrer was joint or several; both paragraphs of the complaint were good. If appellants desired the second paragraph made more specific, their remedy was by motion and not by demurrer. *Sibbitt* v. *Stryker*, 62 Ind. 41.

Appellants also filed what they call a special demurrer to the complaint for a misjoinder of causes of action. Whether this demurrer be general or special, no judgment shall ever be reversed for any error committed in sustaining or overruling a demurrer for misjoinder of causes of action. Code of 1881, section 341; *Coan* v. *Grimes*, 63 Ind. 21. There is no error in overruling the demurrers to the complaint.

The second specification of error is for overruling a motion to strike out the second paragraph of the complaint; and the third is for overruling a motion to separate the causes of action in the complaint. Whether these rulings were erroneous or not can not be enquired into. There is nothing to show that appellants excepted to these rulings. There is no bill of exceptions in the record. Such motions and rulings upon them can only be put into the record by bill of exceptions or special order of the court. *Greensburgh, etc., Turnpike Co.* v. *Sidener*, 40 Ind. 424.

The reasons stated for a new trial are, that the verdict was contrary to law and not supported by sufficient evidence, and

the rulings upon the demurrers to the complaint and answer. Rulings upon demurrers are not proper reasons for a new trial. The other reasons are dependent upon the evidence, and the evidence is not in the record; therefore no question is properly presented to us in relation to the motion for a new trial.

The motion in arrest of judgment was properly overruled, for the reason heretofore stated in relation to the rulings upon the demurrer to the complaint.

A seventh specification has been added to the assignment of errors, that the court erred in sustaining the demurrer to the separate answer of Mary E. Herron.

The facts that the deed was a mortgage, that she was a married woman and the mortgaged property belonged to her, that it was to secure her husband's debt, and that no consideration passed to her, that she was ignorant of the law, and had been misinformed as to her legal rights, constituted no defence to a foreclosure of the mortgage. There was no error in sustaining the demurrer to this answer. We find no available error in this record.

The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and it is in all things affirmed, with costs.

Filed Nov. 7, 1883.