Bowen *et al. v.* The State, *ex rel.* Bradbury *et al.*

Filed Dec. 11, 1889.

No. 12,326.

BOWEN ET AL. *v.* THE STATE, EX REL. BRADBURY ET AL.

BOND.—*Complaint.*—*Joinder of Causes.*—*Fraudulent Conveyance.*—Under section 280, R. S. 1881, a paragraph of complaint declaring upon a guardian's bond and asking judgment, may be joined with other paragraphs also declaring on the bond and attacking conveyances made by the surety as fraudulent, with a prayer that they be set aside, and such joinder will not render the complaint bad for a misjoinder of causes of action.

SUPREME COURT.—*Misjoinder of Causes.*—*Demurrer.*—*Error in Overruling.*—The Supreme Court will not reverse a judgment for error in sustaining or overruling a demurrer to a complaint for misjoinder of causes of action.

SAME.—*Finding.*—*Evidence.*—*Appeal.*—Where there is evidence to support the finding the Supreme Court on appeal will not reverse the judgment.

From the Wayne Circuit Court.

*H. C. Fox* and *J. F. Robbins,* for appellants.
*J. H. Kibbey,* for appellees.

OLDS, J.—This is an action brought in the name of the State, on the relation of William H. Bradbury, as guardian of the estate of Clara B. Bowman, a minor, against the other parties to the action, upon a bond executed by Daniel W. Mason as the former guardian of said ward, on which bond executed by Mason William C. Bowen was surety. At the time the bond was executed by Mason, as guardian, and Bowen as his surety, Bowen was the owner of quite an amount of real estate. Subsequently to the execution of the bond, and before the commencement of this action, Bowen had made a division of his real estate between his children; and, in consideration of natural love and affection had made separate conveyances to each of them of certain portions of his real estate.

The complaint in this action is in several paragraphs. The first paragraph declares upon the bond, and asks judgment against the defendants, Mason and Bowen. The other paragraphs each declare upon the bond, and severally allege facts constituting a fraudulent conveyance by Bowen of the real estate to certain of his children, and a prayer that it be set aside, the difference in the paragraphs being that one attacks the validity of a conveyance to one child, and another the conveyance to another child. The defendants demur to the complaint, for the reason, as stated, that this is a misjoinder of causes of action. The demurrers were overruled and exceptions taken, and the ruling assigned as error.

Section 280, R. S. 1881, provides that " When the action arises out of contract, the plaintiff may join such other matters in his complaint as may be necessary for a complete remedy and a speedy satisfaction of his judgment."

The guardian's bond is a contract under seal upon which

there is a liability in case of failure of the guardian to discharge his duties.

This action is upon the bond to collect the amount contracted to be paid in case of a failure of the guardian to comply with its conditions. The primary object of the suit is to collect the amount due on the bond, and the plaintiff may join in his complaint such other matters as are necessary for a complete remedy and speedy satisfaction of his judgment.

If he may join with the action on the bond proceedings to set aside a deed made by the maker to one person, and allege facts entitling him to have the conveyance set aside and the property subjected to the payment of his debt, he may undoubtedly allege the facts entitling him to have more than one conveyance set aside, and make the necessary parties to the action.

The purpose in allowing the actions to be joined is that the party may accomplish the object of his suit in one action instead of being compelled to prosecute a number, and in some instances be put to almost endless litigation.

This court has repeatedly held that an action to set aside a fraudulent conveyance of real estate may be joined with an action on contract. *Hamilton* v. *Barricklow,* 96 Ind. 398; *Carr* v. *Huette,* 73 Ind. 378; *Lindley* v. *Cross,* 31 Ind. 106; *Frank* v. *Kessler,* 30 Ind. 8.

The overruling of the demurrer would not be available error in any event. *Pittsburgh, etc., R. W. Co.* v. *Swinney,* 97 Ind. 586; section 341, R. S. 1881; *Herron* v. *Herron,* 91 Ind. 278; *Strong* v. *Taylor School Tp.,* 79 Ind. 208; *Hart* v. *Walker,* 77 Ind. 331.

There was a trial and a finding and judgment for the plaintiff for the amount of the bond, and the conveyances of the real estate last made set aside. Motion for a new trial was made and overruled, and this ruling is assigned as error.

The next question presented is as to the sufficiency of the evidence to support the finding. This question we do not

deem important to consider at length. There is evidence tending to support the finding, and such being the fact·this court will not reverse the judgment.

Counsel for appellant confront us with the case of *Robinson* v. *Rogers*, 84 Ind. 539, and insist that on the authority of that case they are entitled to a reversal in this; that a surety on a guardian's bond may dispose of all his property subject to execution by, in good faith, giving it to his children before the breach in the conditions of the bond. If that doctrine were taken as literally true, there is evidence in this case from which the court might have found that the conveyances of the real estate set aside were made subsequent to the breach. The question involved and decided in the case of *Robinson* v. *Rogers, supra,* arose on demurrer to the complaint, and was, as stated by the court, that the complaint was insufficient, for the reason " that it did not show Robinson's indebtedness at the time he made the deed, or directly allege that he was indebted to any person. That suit was brought after judgment on the bond. The complaint did not show the date of the bond on which judgment was rendered, and it showed affirmatively that the conveyance of the real estate was before the date of the rendition of the judgment; but counsel urge a general statement contained in the opinion as to the rights of sureties on guardian's bond, which was not necessary for the decision of the question involved, and which can not be construed in the broad sense contended for in this case. It is manifest, as it seems to us, that the liability of a surety on a guardian's bond must be governed by the same general principles which govern the liability of sureties on other obligations, that he can not give away all of his property to the detriment of those for whose benefit the bond is given. The contract of suretyship is in force from the date of the execution of the bond, though the liability of the surety to pay depends upon the conditions of the bond. *Rhodes* v. *Green*, 36 Ind. 7; *Vanwyck* v. *Seward*, 18 Wend. 373; *Stone* v. *Myers*, 9 Minn. 303

(86 Am. Dec. 104); *McLemore* v. *Nuckolls*, 37 Ala. 662; *Anderson* v. *Anderson*, 64 Ala. 403 ; *Howe* v. *Ward*, 4 Greenleaf, 195.

There is no error for which the judgment should be reversed.

Judgment affirmed, with costs.

