### HANNA *v.* HURLEY.

1. FRAUDULENT CONVEYANCES—CHANGE OF POSSESSION.

A bill of sale of a stock of merchandise, made without a compliance with the bulk-sales law (Act No. 223, Pub. Acts 1905), executed soon after the grantor executed a bond for costs of an action, which he subsequently became liable to pay, the conveyance being placed on record only the day after judgment was rendered on the bond, and not being accompanied, at the time of executing the transfer, by a change of possession, is properly *held* to be fraudulent as to the obligee in the bond.[1]

2. SAME—CREDITOR—BULK-SALES LAW.

A creditor is one who has a right to require of another the fulfillment of a contract or obligation.

3. SAME.

A bond to pay a judgment and costs on appeal from justice's court creates the relation of debtor and creditor between the surety and obligee, before the breach of its condition, within the meaning of the provisions of Act No. 223, Pub. Acts 1905.

Error to Kent; McDonald, J. Submitted June 8, 1910. (Docket No. 26.) Decided September 27, 1910.

---

[1] As to statutory requirements on sale of stock of goods in bulk, see note to *Everett Produce Co.* v. *Smith* (Wash.), 2 L. R. A. (N. S.) 331; and note to *Young* v. *Lemieux* (Conn.), 20 L. R. A. (N. S.) 160.

Replevin by George N. Hanna against William J. Hurley. A judgment for defendant is reviewed by plaintiff on writ of error. Affirmed.

*S. Wesselius,* for appellant.

*George C. Brown,* for appellee.

BROOKE, J. This case was tried by the court without a jury. Certain findings of fact and law were filed by the court, which sufficiently disclose the nature of the controversy. They are as follows:

### "Facts.

"(1) I find that on April 22, 1908, George D. Hanna became surety upon an appeal bond on appeal to this court from the justice court of Grand Rapids by Joseph Dahrooge from a judgment rendered against him in favor of Nathan Kronman. Said bond was in the usual form. Plaintiff in this cause, George N. Hanna, was engaged in business in the city of Grand Rapids. Said George D. Hanna was a cousin of George N. Hanna, of the age of 24 years or thereabouts, and was prior to the 22d day of April, 1908, engaged in the retail grocery business in the city of Grand Rapids, and was indebted to divers and sundry wholesale houses for goods and merchandise.

"(2) Judgment in said appeal case was rendered by this court against said Dahrooge and said George D. Hanna as surety on January 19, 1909.

"(3) On February 10, 1909, execution was issued against said Dahrooge and George D. Hanna on said judgment, and on March 9, 1909, defendant in this action, the sheriff of Kent county, by virtue of said execution, levied on the property involved in this action as being the property of said George D. Hanna. Said property consists of a retail stock of groceries and kindred articles and the fixtures pertaining thereto.

"(4) On March 10, 1909, the plaintiff in this action, George N. Hanna, replevined the property in question from the sheriff, claiming to own the same by virtue of bill of sale executed to him by said George D. Hanna May 13, 1908 [and recorded January 20, 1909].

"(5) I find as to this sale from George D. Hanna to George N. Hanna, as evidenced by the bill of sale referred

to, that this sale came within the terms of the bulk-sale law of this State, being Act No. 223 of the Public Acts of 1905, and that its provisions were not complied with in this sale.

"(6) I further find that at the time of said sale the said George D. Hanna was personally in possession of the said property, and continued in possession thereof personally from the date thereof until the levy of the said execution on said property by the defendant in this action, and that the said sale was not accompanied by an immediate delivery and followed by an actual and continued change of possession of said property, and that the said vendee, George N. Hanna, has not made it appear that said sale was made in good faith and without any intent to defraud the creditors of said George D. Hanna so as to overcome the presumption of fraud as provided by section 9520, 3 Comp. Laws.

"(7) I further find that said sale was not made in good faith, but was made with the intent to hinder, delay, and defraud the creditors and other persons within the terms of section 9533, 3 Comp. Laws, and that both George D. Hanna and George N. Hanna participated in such intent.

## "Conclusions of Law.

"(1) I find as a conclusion of law that Nathan Kronman was a creditor of George D. Hanna, within the terms of Act No. 223 of the Public Acts of 1905 at the time of the sale of said property to George N. Hanna, May 13, 1908, and that, the provisions of said act not being complied with, said sale was void as to him, and therefore as to him said property remained the property of George D. Hanna, and was subject to said execution at the time of said levy.

"(2) I find as a further conclusion of law that Nathan Kronman was a creditor of George D. Hanna within the terms of section 9520, 3 Comp. Laws, and that said sale not having been accompanied by an immediate delivery and followed by an actual and continued change of possession of the property sold, and said vendee, George N. Hanna, having failed to make it appear that the same was made in good faith and without any intent to defraud the creditors of said George D. Hanna, so as to overcome the presumption of fraud arising by virtue of the provisions of said section, such sale is held void as to the said Nathan Kronman, and said property, therefore, remained the

property of said George D. Hanna subject to said execution at the time of said levy.

"(3) I find as a further conclusion of law that Nathan Kronman was a creditor of George D. Hanna within the terms of section 9533, 3 Comp. Laws, and that said sale, having been made with the intent to hinder, delay, and defraud the creditors of the said George D. Hanna, was void as against the said Nathan Kronman, and said property was therefore subject to said execution at the time of the levy thereof as the property of said George D. Hanna."

It would serve no purpose of value to the profession to set out or examine the evidence upon which the court below based its conclusions as to the facts. Upon this point, it is sufficient to say that we think the evidence fully warranted the finding of the trial court that the sale in question was made for the express purpose of avoiding liability upon the appeal bond. Two facts only will be noted as bearing upon the good faith of the parties: *First*, the bill of sale was made within a few days after George D. Hanna had become surety upon the appeal bond, and after he had been advised by counsel that he might in consequence thereof be obliged to pay the judgment; and, *second*, the instrument was kept from record until the day after judgment had been rendered against him upon said bond.

The only question of law requiring consideration is: Was Kronman, the obligee in the appeal bond, a creditor of George D. Hanna, the surety on such bond, prior to the conditions of the bond becoming absolute within the terms of Act No. 223, Pub. Acts 1905, commonly called the "bulk-sales act?" It is urged by appellant that George D. Hanna's liability upon the bond could not be fixed until judgment upon appeal, and therefore that the obligee in the bond was not, at the time of the sale, one of his creditors. A creditor is "one who has a right to require of another the fulfillment of a contract or obligation." 11 Cyc. p. 1193, and cases cited in the note. It cannot be said that George D. Hanna's liability was not fixed at the moment he signed the bond. It was fixed in amount,

though contingent upon the failure of his principal to prosecute his appeal, and reverse or pay the judgment. A similar question was considered in *Cutler* v. *Steele*, 85 Mich. 627 (48 N. W. 631), where the court said:

"But complainant insists that Steele did not become a debtor to the bank until the maturity and protest of the note. It is true that the ultimate liability of Steele depended upon a contingency; still he had made a contract fixed and definite. The bank was under no obligation to pursue the maker of the note, but might look solely to the indorser. It is just as important in commercial trans-actions that the financial condition of indorsers, guarantors, and sureties be known as that of the principal debtors. In fact, credit is often given in reliance upon their standing rather than upon that of the principal debtors. We are therefore of the opinion that the term 'creditors,' used in the statute, includes those who have entered into contracts with parties as indorsers, guarantors, or sureties."

See, also, *Jackson* v. *Seward*, 5 Cow. (N. Y.) 67; *Karst* v. *Gane*, 61 Hun (N. Y.), 533 (16 N. Y. Supp. 385); *Bowen* v. *State*, 121 Ind. 235 (23 N. E. 75); *Carlisle* v. *Rich*, 8 N. H. 44; *Russell* v. *Stinson*, 4 Tenn. 1; *Kerber* v. *Ruff*, 4 Ohio S. & C. P. Dec. 406; *In re Appeal of Surety*, 5 Ohio S. & C. P. Dec. 571. George D. Hanna was accepted as surety upon the appeal bond solely on account of his ownership of the stock of goods in question. To permit him to dispose of his stock immediately thereafter, without notice to the obligee in the bond, thus rendering the bond worthless, would result in encouraging the very fraud which the statute was designed to prevent. The statute is remedial in character, and should be given such a construction as will effect the plain legislative intent.

The judgment is affirmed.

BIRD, C. J., and MCALVAY, BLAIR, and STONE, JJ., concurred.