ASH *v.* ASH.

Husband and Wife—Conveyances—Gifts—Tenancy by Entirety.
   Quitclaim deed from husband to wife of property held by the
   entireties, given shortly after he left their home, which pur-
   ported to have been given for a valuable consideration *held*,
   on appeal in divorce proceedings from decree which had set
   it aside, valid as between the parties even though a purely
   voluntary conveyance, in the absence of testimony of fraud,
   undue influence, coercion, want of consideration or other thing
   tending to invalidate it, a tenancy by the entirety being sub-
   ject to termination by conveyance from one spouse to the
   other (3 Comp. Laws 1929, § 13069).

Appeal from Wayne; Jayne (Ira W.), J. Sub-
mitted April 14, 1937. (Docket No. 77, Calendar
No. 39,344.) Decided May 21, 1937.

Bill by Lillian Ash against Michael Ash for a
divorce on grounds of extreme cruelty and for an
injunction. From decree for plaintiff granting
divorce and setting aside deed from defendant to
plaintiff, plaintiff appeals. Reversed as to provi-
sion setting aside deed.

*Walter Phillips* and *William R. Brandt,* for plain-
tiff.

Potter, J. Plaintiff filed bill for divorce against
defendant September 3, 1935. Defendant filed an
answer and cross-bill. Plaintiff's right to a decree
of divorce was not contested. Defendant offered no
testimony. There is no contest over plaintiff's right
to a divorce here.

The only question in dispute arises over the trial court having set aside a quitclaim deed from defendant to plaintiff of real estate, their then home, held by them as tenants by the entirety.

Defendant left home July 6, 1935, and about two weeks later sent to his wife a quitclaim deed of his interest in the property in question. There is no testimony of fraud, undue influence, coercion, want of consideration, or other thing tending to invalidate the deed in question.

Defendant could terminate the tenancy by the entirety by a conveyance of his interest in the land to his wife. 3 Comp. Laws 1929, § 13069.

The deed in question purports to have been made for a valuable consideration,—and even though it was a purely voluntary conveyance, it would be valid as between the parties. *Draper* v. *Brown,* 153 Mich. 120; *Wipfler* v. *Wipfler,* 153 Mich. 18 (16 L. R. A. [N. S.] 941); *Coleman* v. *Coleman,* 239 Mich. 139.

The deed was valid. That part of the decree of the trial court setting the same aside and dividing the real estate between the parties is set aside, with costs to plaintiff.

FEAD, C. J., and NORTH, WIEST, BUTZEL, BUSHNELL, SHARPE, and CHANDLER, JJ., concurred.