Raymond A. GEISERT, Gail F. Swanson, Robert A. Theut, James F. McManus, Gerald F. Goeke, David E. Nemergut, Paul S. Blahovec and Stanley Matesowicz, Plaintiffs,

v.

Joseph A. CORRIVEAU, individually and d/b/a Corr Instrument Company, and Corr Instrument Company, a Michigan Corporation, Defendants.

Civ. A. No. 14235.

United States District Court
E. D. Michigan, S. D.
April 10, 1956.

**30**

George F. Petzer, Detroit, Mich., for plaintiff.

John W. Babcock, Guy G. Bratton, Bratton, Bratton & Brooke, Detroit, Mich., for defendants.

PICARD, District Judge.

Action to collect alleged unpaid overtime compensation jointly and severally against both defendants under the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq.

### Findings of Fact

Plaintiffs, citizens of Michigan, commenced this action against defendants Joseph A. Corriveau, a Michigan citizen, and the Corr Instrument Company, a corporation organized under the laws of this state, asking a joint and several judgment in the amount of $12,908.46 as compensation for work in excess of forty hours per week allegedly performed between April, 1952 and December, 1954. In the original, amended and supplemental complaints the prayer asks that "a judgment be rendered in plaintiffs' favor in the amount of $12,908.46" against both defendants. The bill does not request that any document purporting to transfer property from Corriveau to the Corr Instrument Company be set aside nor allege that the transfer rendered Corriveau unable to pay his debts.

For some time prior to November 30, 1954 defendant Joseph A. Corriveau d/b/a Corr Instrument Company employed plaintiffs in the operation of a business engaged in interstate commerce and was found guilty of violation of the Fair Labor Standards Act for failure to pay these plaintiffs earned overtime. He was placed on probation on condition that he pay each of said plaintiff employees an amount equal to at least 20 per cent of the sum due them. This he did by borrowing from the new Corr Instrument Company corporation. Prior thereto, on August 5, 1954, Corriveau had borrowed $20,000 from National Acceptance Corporation, executing and delivering to it a chattel mortgage encumbering all factory machinery, office equipment and some of his other personal property not used in the business.

The reason for the above action was simply this: Corriveau had been manufacturing a "diamond turner" for Industrial Diamond Company owned by Harry A. Metz and in November when Corriveau's finances worsened, Metz, confronted with threatened loss of his source of supply, purchased the assets of Corriveau's business so as to continue its operation. To facilitate the purchase and operation, Metz, on December 13, 1954, organized the Corr Instrument Company with William Peacocke as sole stockholder and Gertrude F. Corliss, H. William and M. Gladys Peacocke as directors and incorporators. Thereupon the new corporation took possession of Corriveau's assets valued at $55,281.97 and assumed its liabilities of $50,698.06. Although others were listed as owners of the new Corr Instrument Company it is admitted that Metz was the sole owner thereof.

Plaintiffs alleged in their complaint that the sole purpose of the above transaction was to place defendant Corriveau's assets beyond reach of his creditors, particularly plaintiffs herein, and to defraud them. It is their further claim that the entire transaction is fictitious and fraudulent, that defendant Corriveau is still the owner of the business, and that in order to determine the true facts and to successfully pursue their claim for overtime compensation it was necessary to join the new Corr Instrument Company, as a party defendant.

While there is much evidence tending to prove the truth of plaintiffs' allegations that the transfer was fictitious and employed as a subterfuge to avoid payment to plaintiffs, as will appear later, the truth or falsity of the allegations is immaterial insofar as the relief that this court is able to afford plaintiffs in this action. This is particularly true in view of Corr Instrument Company's conten-

tion that plaintiffs have not charged and cannot show liability on its part by reason of any violation of the Fair Labor Standards Act, or assumption of Corriveau's indebtedness, directly or by operation of law; that the bill of complaint is vague, not stating a cause of action; and that this court has no jurisdiction to adjudicate any claim against it.

### Conclusions of Law

■ Legal and equitable claims including joinder of a claim for money damages and a claim to set aside a fraudulent conveyance may be joined in the same action. Rule 18(b) Federal Rules of Civil Procedure, 28 U.S.C.A.; Armour & Co. of Delaware v. B. F. Bailey, Inc., 5 Cir., 132 F.2d 386. But joinder of parties and causes of action under the Federal Rules is permissive only where the court has jurisdiction based upon a federal question or upon diversity of citizenship and requisite jurisdictional amount. And Rule 82 F.R.C.P. which provides that:

> "These rules shall not be construed to extend or limit the jurisdiction of the United States district courts or the venue of actions therein."

may easily be interpreted as applying to the case at bar as well as United States v. Sherwood, 312 U.S. 584, at page 590, 61 S.Ct. 767, 85 L.Ed. 1058, where the court held that the Federal Rules do not enlarge or diminish jurisdiction of the federal courts. In other words, jurisdiction over person and subject matter must exist independent of the Rules. Therefore, federal jurisdiction can be sustained only upon diversity of citizenship or upon the fact that the case arises under the constitution or laws of the United States. Gustason v. California Trust Co., 9 Cir., 73 F.2d 765.

■■ Applying the above legal principles to the case at bar we are convinced that this court has jurisdiction to decide whether defendant Corriveau is indebted to plaintiffs for unpaid overtime compensation under the Fair Labor Standards Act because the case arises under the laws of the United States. Johnson v. Butler Bros., 8 Cir., 162 F.2d 87, 172 A.L.R. 1157; Fletcher v. Grinnell Bros., D.C., 78 F.Supp. 339. But we are equally convinced that this court has no jurisdiction as to plaintiffs' action against Corr Instrument Company, the new corporation, for the following reasons:

(a) There is not the diversity of citizenship necessary between plaintiffs and this defendant. Pearce v. Pennsylvania R. Co., 3 Cir., 162 F.2d 524.

(b) The complaint does not allege facts which indicate that their claim arises under the laws of the United States or is sufficiently closely associated therewith. See Barnhart v. Western Maryland Ry. Co., 4 Cir., 128 F.2d 709, at page 712; South Side Theatres v. United West Coast Theatre Corp., 9 Cir., 178 F.2d 648, at page 649, and Hurn v. Oursler, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148, holding that statement of facts on which existence of federal jurisdiction depends must affirmatively and distinctly appear in the complaint; and

(c) The allegations in plaintiffs' complaint which relate to Corr Instrument Company tend to show that they have a cause of action which arises under the laws of the State of Michigan, only, to wit: an action to set aside an alleged fraudulent transfer. In fact this position is appreciated by plaintiffs in their brief when they cite Bentley v. Caille, 289 Mich. 74, 286 N.W. 163; Albers v. Taft, 287 Mich. 283, 283 N.W. 581; Spitzer v. Brown, 305 Mich. 455, 9 N.W. 2d 673, 146 A.L.R. 1096; Dunn v. Minnema, 323 Mich. 687, 36 N.W.2d 182, 7 A.L.R.2d 1099; and Farrell v. Paulus, 309 Mich. 441, 15 N.W.2d 700.

■ This court is aware of the holdings in both Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, and Guaranty Trust Co. of New York v. York, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079, in which cases the courts tried to make uniform the holdings in state and federal jurisdictions. We are also aware that there is before the Supreme Court at the present time

an amendment to Rule 4(f) which would drastically extend the jurisdiction of federal courts beyond their present limits and that so far we have seen no objection raised that the Supreme Court would have no power to make such an alteration in the Rules. We also believe that in the state courts of Michigan both causes of action could be maintained in one suit. Therefore it is possible that the above reasons given standing alone will not prove sufficient to require our present holding, nevertheless, we still hold that there is a valid reason why the complaint should be dismissed as far as plaintiffs' action against Corr Instrument Company is concerned, since all three complaints, original, amended and supplemental, are devoid of any allegations that could be interpreted as a claim by plaintiffs that Corr Instrument Company is liable to plaintiffs for any amount due either under any state or federal law and more particularly under the Fair Labor Standards Act, or that the various documents purporting to transfer said properties should be set aside. Such expressions as "apparently transferred", referring to the transfer of assets from Corriveau to Corr Instrument Company, "plaintiffs are fearful", "believe", that the transaction "is a sham", "it is necessary to join Corr," without stating facts sufficient to show that plaintiffs have a cause of action against Corr are too vague and speculative to confer jurisdiction upon this court. See Barnhart v. Western Maryland Ry. Co. and South Side Theatres v. United West Coast Theatres Corp., supra. There is not even an allegation that a valid consideration was not given for transfer of the property between these defendants as required by Zaring v. Strauss & Co., 9 Cir., 30 F.2d 313, and fraud must not only be proved but must be particularly alleged. Davis v. Gates, D.C., 235 F. 192. Finally, a debtor has the right in Michigan to prefer one creditor over another in giving security or conveying property in satisfaction of his obligations. Rossman v. Hutchinson, 289 Mich. 577, 286 N.W. 835; John A. Parks Co. v. General Discount Corp., 294 Mich. 316, 293 N.W. 663. Setting aside illegal transfers without basis in fact is not a fundamental right of this court.

Summing up, seemingly plaintiffs seek the aid of this court to set aside the transaction between Corriveau and the Corr Instrument Company, but do not set out and allege facts justifying this nor do they ask it in their prayer. Furthermore, this action does not arise under the laws of the United States nor is it in any way connected or related to the claim against defendant Corriveau. In the absence of diversity of citizenship this court has no jurisdiction to grant the relief asked. Hurn v. Oursler, supra.

However, since Corriveau admits that he is liable to plaintiffs, the court will enter a judgment in their favor for the proper amount of overtime compensation due them under the Fair Labor Standards Act.